## DUNBAR v. BELL.

### Opinion delivered April 12, 1909.

1. ACTIONS—ENTRY OF APPEARANCE.—The filing of an answer or a demurrer in a cause by a party thereto has the effect of entering his appearance therein.  (Page 320.)

2. APPEAL AND ERROR—SUFFICIENCY OF ABSTRACT.—Appellant cannot complain in this court of the action of the trial court in taxing the costs against him if his abstract is not sufficient to show whether the action of that court in that respect was erroneous. (Page 320.)

Appeal from Yell Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*Jo Johnson,* for appellants.

*Bullock & Davis, L. C. Hall* and *Brooks & Hays,* for appellees.

HART, J.   On August 27, 1906, W. T. Dunbar, of Ft. Smith, Arkansas, commenced a suit in the Yell Chancery Court for the Dardanelle District, against Joseph Evins, a resident of Dardanelle, Arkansas, and Charles Grusendorf and his wife, Stella Grusendorf, residents of the State of Texas.   The object of the suit was to cancel and rescind a certain contract entered into between Dunbar and the Grusendorfs in regard to certain lots on Mt. Nebo, in the county and district aforesaid, and to compel Evins to execute a warranty deed, to said property to the plaintiff, Dunbar.   A temporary injunction was obtained restraining Evins from conveying the property to Charles or Stella Grusendorf during the pendency of the action.

On the 14th day of September, 1906, the plaintiff, Dunbar, filed an amendment to his complaint, in which he alleged that the Summit Park Hotel was situated on the lots sought to be recovered, and that all of the machinery, fixtures, furniture and furnishings of said hotel belonged to plaintiff; that the Grusendorfs were insolvent, and that they and their tenants were removing a part of the furnishings of said hotel. An application was made for a receiver to take charge of all said property.   W. L. Tatum was appointed, and immediately took possession of all said property as such receiver.

Charles and Stella Grusendorf in due time answered the complaint.   Subsequently W. D. Bell was made a defendant. He claimed to have purchased the interests of the Grusendorfs, and filed his answer and cross complaint.   Later Thomas B. Latham became a party to the action, claiming to have acquired title to the property by warranty deed from Evins and also by quitclaim deed from the Grusendorfs.   W. D. Waters acquired

by purchase the interest of Latham, and was permitted to become a party to the actions. Appropriate pleadings, showing his interest, were filed by him.

Numerous other pleadings were filed by all the parties to the action, and a voluminous mass of testimony was taken.

On the 10th day of November, 1907, the following decree was entered:

"Come all the parties as on yesterday, and the hearing of this cause progressed. The plaintiff, W. T. Dunbar, files an answer to the petition of the Dardanelle Bank which was filed herein on yesterday. The cross complainant files demurrer to W. T. Dunbar's answer to said Waters's cross complaint, and also to the reply and answer of W. D. Bell to said Waters's cross complaint; which demurrers are overruled, also all demurrers and motion of any party to this cause heretofore filed and the ruling upon which was reserved to final hearing are hereby each, respectively, overruled. And, this cause being finally submitted on the complaints of the plaintiff, the cross complaints of W. D. Bell and W. D. Waters, the answer of Winchester & Howell to the complaint of W. T. Dunbar, respectively, the reply and answer of W. D. Bell to the cross bill of W. D. Waters, the answers of W. T. Dunbar and Joseph Evins, respectively, to said Waters's cross bill, the demurrer of said Waters to said Bell's reply and answer to said Waters's cross bill, and to Dunbar's answer to Waters's cross bill, and on all other pleadings, and, on all depositions and other record evidence of all parties, respectively, in this cause; and, after hearing all argument of counsel, and being well and sufficiently advised, the court doth find the facts to be:

"That the distribution of the property involved in this action at the Mt. Nebo Townsite drawing, of August 23, 1906, was a distribution of said property by lottery; and that all parties to this suit setting up claims to said property under said drawing and unlawful distribution are void in law and equity. And, it further appearing that the claims of all parties to this suit to said property are based on the aforesaid unlawful distribution thereof by lottery, and that the same are void, excepting however, the claim of W. D. Waters, who derives his title from Jos. Evins through and by virtue of a warranty deed, executed on

the ...... day of ............, 1907, by said Jos. Evins to
Thos. B. Latham, and by the said Latham the said property was
on the 11th day of January, 1907, by warranty deed conveyed to
cross complainant, W. D. Waters; that said Waters has a com-
plete and perfect record title of all the property, both real and
personal, described in said Waters's cross bill and involved in
this suit, which title is derived from the undisputed title of the
said Jos. Evins, and he, the said Waters, is the owner thereof.
Wherefore it is ordered, adjudged and decreed by the court
that the defendants J. P. Winchester and Robert Howell, as
Winchester & Howell, be dismissed, and they have and recover
all their cost in this suit, and that the said William D. Waters do
have and recover of and from the said plaintiff, W. T. Dunbar,
and the said cross complainant, W. D. Bell, all the real property
described in the cross bill of the said Waters and involved in
this suit, and that the said Waters take all of said real property
free and released from all claims whatsoever of the said W. T.
Dunbar, W. D. Bell, Charles Grusendorf, Stella Grusendorf and
Joseph Evins, and that he have a writ of possession for the same.
Likewise, that the said W. D. Waters do have and recover all the
personal property described in said Waters's cross bill and in-
volved in this suit, and that he have a writ of possession for the
same. It is further adjudged and decreed by the court that W.
D. Waters, W. T. Dunbar, Joseph Evins and Thomas B. Latham
be, and they are hereby, taxed with all costs in this cause, and
that the said W. D. Bell, Stella Grusendorf, C. Grusendorf do
have and recover of and from the said W. D. Waters, Joseph
Evins, W. T. Dunbar and Thomas B. Latham all their costs in
this behalf laid out and expended, and that they have execution
therefor."

W. T. Dunbar, W. D. Waters, Joseph Evins and Thos. B.
Latham by their attorney, Jo Johnson, have duly prosecuted an
appeal to this court.

It appears from the record that on the 8th day of January,
1907, Dunbar applied to the chancellor at chambers for an order
dissolving the injunction against Evins and discharging the re-
ceiver, which was granted, and the order made.

On January 26, 1907, Dunbar in vacation duly dismissed
his action as to all the defendants.

On February 4, 1907, upon the convening of the chancery court at Dardanelle, an order was made reinstating the injunction against Evins, and directing the property to be restored to the possession of the receiver. The order was entered of record, and contained the recital that the order at chambers dissolving the injunction and discharging the receiver was made under a misapprehension of the facts.

It is now claimed by counsel for appellants that Dunbar had a right to dismiss his complaint against the defendants, and that the court thereafter acquired no jurisdiction over him, and that it necessarily follows that the decree of the court adjudging costs accruing subsequent to his dismissal of the suit was erroneous. It is not necessary to determine whether the court had the power to set aside the order made at chambers dissolving the injunction and discharging the receiver, for the records show that all the appellants subsequently entered their appearance to the action. The decree of the court recites the pleadings upon which the case was heard. The record shows that on the 30th day of October, 1907, the following court orders were entered of record: Latham filed a demurrer and answer to all the cross complaints. Evins filed a demurrer and answer to the cross complaints of W. D. Bell and of W. D. Waters. Dunbar filed an answer to defendant Waters's cross complaint, and also made a motion to suppress a certain deposition. The cause was heard on depositions and upon oral testimony. Dunbar testified orally and the first question propounded to him by his counsel was to ask him if he was a party to the suit, and he replied in the affirmative.

The filing of the answers and demurrers had the effect of entering the appearance of the respective parties who filed them. *Hibbard* v. *Kirby*, 38 Ark. 102; *Miller* v. *State*, 35 Ark. 276; *Ferguson* v. *Carr*, 85 Ark. 246. Hence it appears that all the appellants entered their appearance to the action. The decree of the court was in favor of Waters. Consequently he has no ground of complaint in regard thereto.

Appellants complain of the action of the court in taxing the costs against them; but their abstract is not sufficient for us to ascertain whether or not the action of the chancellor in that respect was erroneous. We have repeatedly pointed out what

the duty of counsel is in making his abstract. The observance of Rule 9 by counsel greatly facilitates the work of the court, and as was said lately in the case of *Jett* v. *Crittenden,* 89 Ark. 349, it has been steadily adhered to by the court for many years. See, also, *Files* v. *Law,* 88 Ark. 449; *Siloam Springs* v. *Broyles,* 87 Ark. 202.

Some other questions were raised by appellants in their brief, but we can not tell without exploring the transcript whether the decision of the chancellor was correct or not, and for the reasons above given we will not do that.

This case is a very apt illustration of the reasons for Rule 9 The transcript contains 348 pages of typewritten matter. It would greatly retard the work of the court if each judge was required to explore the transcript for errors.

Counsel for appellees have made a motion to strike out certain parts of the brief of counsel for appellants on account of its objectionable language. This will be ordered done. It will serve no useful purpose to set out the language. It could only be of interest to the respective counsel in the case and their clients, and they are already familiar with it.

It will be seen that no appeal was taken by Bell, the litigant who lost the lots which were the foundation of the action. The matters complained of were subsidiary to the main object of the suit, and we have only made such a statement of the case as show the points that were presented for our determination; for there is nothing of interest in it except to the parties litigant, and the discussion of it calls for the application of no new principles of law. It is ordered that the decree be affirmed, and that the objectionable language of appellant's brief be stricken out.

BATTLE, J., absent.