HOLDEN *v.* STATE.

Opinion delivered January 22, 1923.

1. FALSE PRETENSES—SUFFICIENCY OF INDICTMENT.—An indictment charging that defendant fraudulently made certain representations which he knew to be false, and which the person from whom money was obtained accepted and relied on, and that the money was obtained from such person by reason of such false representations, was sufficient to charge the crime of obtaining money by false pretenses, under Crawford & Moses' Dig., § 2449.

2. FALSE PRETENSES—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to sustain a conviction for obtaining money under false pretenses in the sale of oil leases.

3. WITNESSES—IMPEACHMENT OF ACCUSED ON CROSS-EXAMINATION.—Where the defendant in a criminal case takes the witness stand in his own behalf, he is subject to the same rules of impeachment as any other witness, and his credibility may be impeached by cross-examination as to specific instances of immorality,

4.  CRIMINAL LAW—EVIDENCE OF SIMILAR ACTS.—In a prosecution for obtaining money under false pretenses in the sale of oil leases, testimony relating to acts of a character similar to those charged in the indictments, and which took place at about the same time, was admissible for the purpose of showing the intent of the defendant.

5.  CRIMINAL LAW—GENERAL OBJECTION TO EVIDENCE.—Testimony admissible for a particular purpose only is not open to a general objection.

6.  CRIMINAL LAW.—MATTERS NOT BROUGHT INTO RECORD.—The action of the court in overruling a motion for continuance will not be considered on appeal where the motion is not brought into the record.

7.  CRIMINAL LAW—AMENDING VERDICT.—Where, in a prosecution under five separate indictments, the jury returned a verdict of guilty as charged, it was not error to direct the verdict to show that the jury intended to find defendant guilty on all the indictments where the foreman indicated that such was their intention, and where the verdict as amended was approved by the jury.

8.  CRIMINAL LAW—AUTHORITY TO SUSPEND EXECUTION OF SENTENCE.—While the court, during the term, had power to set aside a judgment of conviction in a criminal case, it had no authority, in the absence of statute authorizing it, to suspend the execution of a sentence from term to term; the statute (Crawford & Moses' Dig., § 3204) contemplating that the sentence shall be executed unless the verdict is set aside and a new trial granted.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*Hogue & Hogue,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

WOOD, J.  The appellant and his son, H. S. Holden, were, in five separate indictments, jointly indicted for the crime of obtaining money under false pretenses. The charging clause of one of the indictments is as follows: "The said H. I. Holden and H. S. Holden, in the county and State aforesaid, on the 1st day of August, A. D. 1922, unlawfully, fraudulently and feloniously did obtain from A. Oliver eighteen dollars and seventy-five cents in gold, silver and paper money of the value of

$18.75, the property of A. Oliver, as part payment of an oil, gas and mineral lease on a certain tract of land (describing it) in Bradley County, Arkansas, by unlawfully and fraudulently, falsely and feloniously representing and pretending that they, the said H. I. Holden and H. S. Holden, were the owners of an oil, gas and mineral lease and had the authority to sell and negotiate the same, which statements, representations and pretenses were false and untrue, all of which the said H. I. Holden and H. S. Holden then and there well knew * * *." The indictments further alleged that the statements, representations and pretenses were made with the felonious intent to cheat the said A. Oliver out of his money and property, and had that effect.

The five indictments, by agreement of parties, were consolidated for trial, and appellant was separately tried. The jury returned a verdict of guilty, leaving the punishment to the court. The court entered a judgment sentencing the appellant to confinement in the State Penitentiary at hard labor for a period of five years, "such confinement to begin at the expiration of the judgment this day rendered by this court in case No. 19054." The court further ordered "that the execution of the judgment be and is suspended until further order of the court, and the court doth retain jurisdiction of this case from term to term for the purpose of doing full justice in the case."

1. The appellant contends that the indictments were fatally defective because they failed to allege that the money was paid over to the defendant by reason of the representations that he owned a lease. We have set forth the allegations of one of the indictments, which is typical of all, and these allegations show that learned counsel for appellant are mistaken in their contention. It is charged that the appellant fraudulently and feloniously made certain representations, which appellant knew to be false, and which Oliver, from whom the money was obtained, accepted and relied upon, and that

the money was obtained from him by reason of such false and fraudulent representations.

The indictment was sufficient to charge the appellant with the crime of obtaining money by "false pretenses," under section 2449 of Crawford & Moses' Digest.

2. The evidence was sufficient to sustain the verdict. Elizabeth Saxton, a witness on behalf of the State, testified that appellant came to her home in Little Rock last January and represented to her that he had some oil leases in Bradley County, and was engaged in the business of selling leases. She bought a lease from the appellant and gave him her check as part payment of the same. On cross-examination she was asked, "Who told you he owned the lease?" and she answered, "He and his son."

Another witness testified that she met the appellant at the Arch Street Baptist Church in Little Rock in January, 1922. He represented to her and her husband that he had an oil lease, was a friend to the colored people, and wanted to help them. She and her husband purchased a lease from the appellant on 2½ acres in Bradley County and paid him thereon the sum of $18.75. The testimony of this witness further shows that appellant represented that he owned the lease. Other witnesses testified to the same effect.

There was testimony tending to prove that the appellant represented to several colored people that he owned the land in Bradley County and was selling oil leases which he owned, and that by reason of these representations he obtained certain sums of money; from one negro woman and her husband he obtained $475. There was also testimony tending to prove that the appellant did not own any oil leases on land in Bradley County, and that therefore the representations were concerning a present, or then existing, fact, and that the same were false.

The appellant, in his testimony, denied that he represented that he owned oil leases in Bradley County, and denied that he made any false representations, or that he defrauded any one. But the issue presented by the testimony of witnesses for the State and the appellant was one of fact for the jury. Without further setting out the testimony in detail, it suffices to say that the evidence was sufficient to sustain the verdict.

3. Over the objection of the appellant the State was permitted to ask him, while he was on the witness stand, the following question: "You were living there with another woman at that time not your wife?" The witness answered, "No." He was further asked, "Are you not wanted in Louisiana now for deserting your wife and children?" He answered, "No." But to the last question and answer appellant interposed no objection. Appellant, as a witness in his own behalf, was subject to the same rules of impeachment as any other witness. "The credibility of a witness may be impeached by proof on cross-examination of specific acts of immorality." *Lockett* v. *State,* 136 Ark. 473; *Jordan* v. *State,* 141 Ark. 505; *Shinn* v. *State,* 150 Ark. 215.

4. The appellant objected to certain remarks of the prosecuting attorney in his closing argument to the jury, and urges here that these remarks were prejudicial, but the court instructed the jury that these remarks were not to be considered by the jury in arriving at their verdict, and that the jury must not be influenced by such remarks. It is unnecessary to set forth the remarks of the district attorney. We have examined them, and they were not so flagrant in character that any prejudice in the minds of the jury produced by them could not be removed by the instructions of the court. The instructions of the court were abundantly sufficient to remove any possible prejudice from the minds of the jury that the remarks of the prosecuting attorney might have produced.

5. The court refused to exclude the testimony of certain witnesses with reference to sales of leases and collections of money by appellant from other parties than those specified in the indictments under which appellant was being tried. But this testimony all related to acts of a similar character as those charged in the indictments and which took place about the same time. The issue as to whether or not appellant obtained money under false pretenses, being one of good or bad faith on his part, the testimony "was admissible to prove a series of similar acts done about the same time as tending to establish the particular intent of the appellant." *Howard* v. *State,* 72 Ark. 586; *Bledsoe* v. *State,* 130 Ark. 122; *Monk* v. *State,* 130 Ark. 358.

The appellant raised only a general objection to the testimony. The testimony was admissible for the purpose of showing the intent, but for no other purpose. The appellant, however, did not ask the court to so instruct the jury. He made only a general objection to the testimony, and therefore his objection cannot avail him. *Bodcaw Lumber Co.* v. *Ford,* 82 Ark. 555.

6. The record recites that the "appellant entered his motion for a continuance of the cases to a future date for trial, which motion is overruled," to which ruling the appellant excepted. But the motion for continuance has not been brought into the record. Therefore, there is nothing upon which to predicate error in this ruling of the court. When the jury returned its verdict the court remarked: "Just let the verdict be amended so as to number the indictments if that is the intent of the jury. Is that your intention gentlemen to find the defendant guilty on all the indictments?"

The foreman of the jury announced that it was. The court then orderd the verdict amended so as to read as follows: "We, the jury, find the defendant guilty as charged in the five indictments, and leave the punishment to the mercy of the court." The verdict was then read as amended, and the jury was asked if

that was their verdict, to which each of the twelve answered "Yes it is" in unison. The defendant excepted to the amendment of the verdict upon the order of the court, and excepted to the verdict.

There was no error prejudicial to appellant in the above proceeding. The remarks of the court did not invade the province of the jury by indicating the court's opinion of the facts. The obvious purpose of the court's inquiry was to ascertain whether the jury intended to find the appellant guilty on all the cases that were being tried. The inquiry was proper, and the court correctly ruled in directing the verdict amended to conform to the response of the jurors. See *Gilchrist* v. *State,* 100 Ark. 330-339. The appellant did not ask to have the jury polled, which he had the right to do under § 3216, C. & M. Digest. He is therefore in no attitude to complain that the verdict as finally rendered was not the finding of the jury on all of the indictments.

7. The record shows that, after the judgment of sentence had been pronounced against the appellant, the court suspended the execution of same until further order of the court. There is no authority in law for the trial court to suspend the execution of a judgment of conviction in a criminal case from term to term. The court, during the term, to be sure, has power over its judgment and could set aside the same, but at the close of the term the conviction and judgment and sentence become final, and any order suspending the execution of same, when the defendant is in the presence of the court or in the custody of the sheriff, in the absence of a statute authorizing it, is void. The law contemplates that, upon a verdict of guilty, unless such verdict is set aside and a new trial granted, the court shall render a judgment of sentence which, in the absence of a statute duly authorizing its suspension, must be duly executed. See § 3203-4, Crawford & Moses' Digest.

We find no error in the proceedings calling for reversal of the judgment of conviction, and the same is

therefore affirmed. The order of the court directing the suspension of the execution of the judgment is null and void, and the sheriff of Pulaski County is therefore hereby directed to execute the judgment of sentence the same as if it had not been suspended.