Barbara R. McLEMORE *v.* Raynell ELLIOT,
Executrix

81-12                                  614 S.W. 2d 226

Supreme Court of Arkansas
Opinion delivered April 13, 1981
[Rehearing denied May 11, 1981.]

*Rowland & Templeton,* by: *Ben D. Rowland, Jr.,* for appellant.

*David H. Williams,* for appellee.

ROBERT H. DUDLEY, Justice. This appeal arises from a consolidation of two cases in the trial court. One is a Chancery Court suit for a declaratory judgment filed by the appellant. The other is a Probate Court will contest between the same parties in which the appellant insists the decedent's first will is valid, and the appellee insists the second will is the valid one. The transcript reflects a trial replete with bitterness and bickering. That attitude has continued.

The appellant's brief attributes seriously wrongful conduct to appellee's counsel and bias to the trial judge. Throughout the brief these allegations are made in intemperate and disrespectful language. Appellant has baldly violated our Rule 6 which provides:

### CONTEMPT

No argument, brief or motion, filed or made in this Court, shall contain language showing disrespect for the trial court.

It is not the allegation of bias that necessitates our imposing Rule 6, but rather it is the accusations which appear as assertions of fact, which are wholly unsupported by proof in the record and which are disrespectfully stated. For example, at page 186 of her brief appellant admits she erred by stating:

The appellant has accused David H. Williams of deliberately filing the Probate of the Estate of James H. Todd, Deceased in 1st Division Chancery in order to have the matter heard by Judge Munson. That is clearly erroneous. The letter of James H. Akins, Jr. (T. 11, B. 4) and the Order Substituting Attorney of Record for Estate (T. 12, B. 5) clearly indicate Akins filed the probate proceeding and Williams succeeded him.

Then, at page 234, appellant once again uses the same transcript citations to make a similar serious accusation as an assertion of fact which is, once again, unsupported by proof:

1. Raynell Elliot had to find an attorney who could "influence" Judge Lee Munson. James H. Akins, Jr. withdrew and his letter (T. 11) made it clear that he expected to be succeeded by Paul Johnson. However, there are three attorneys who practice in Paul Johnson's office, and David Williams appears in the Order Substituting Attorney of Record. (T. 12). Thus, regardless of the merits of her case, Ms. Elliot had secured the

services of a former almost-chief-deputy-prosecuting-attorney. . . .

We have examined the brief to see if we could strike only some parts as was done in *Dunbar* v. *Bell*, 90 Ark. 316, 119 S.W. 670 (1909). We have examined the Probate Court appeal, the Chancery Court appeal, and each of the points relied upon, but we find the intemperate and distasteful language spread throughout all points in both cases. We have no choice other than to strike it entirely. This brief is an inexcusable breach of the obligation of professional courtesy that we expect on the part of the members of the bar. All copies of this brief will be stricken in its entirety from the files of this Court.

Affirmed.

The Chief Justice would affirm pursuant to Rule 9.

HOLT, J., not participating.