Bennie COOPER *v.* STATE of Arkansas

CR 83-8                                    645 S.W.2d 950

Supreme Court of Arkansas
Opinion delivered February 14, 1983

*David J. Potter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. This case, which involves criminal sentencing procedures, was certified to this Court by the Court of Appeals as it involves the interpretation of an act of the General Assembly, Rule 29 (1) (c).

Sentencing procedures are controlled by statute. *Holden* v. *State,* 156 Ark. 521, 247 S.W. 768 (1923). The statute in effect on the date of the commission of the crime is the governing statute. Ark. Const. Art. II, § 17; *Easley* v. *State,* 274 Ark. 215, 623 S.W.2d 189 (1981). Here, the appellant pleaded gulity to committing the crime of theft by receiving on January 23, 1978. At that time the sentencing provisions of the then new Criminal Code of 1976 had not been amended, and a trial court could not pronounce sentence and suspend the execution of that sentence. *Culpepper* v. *State,* 268 Ark. 263, 595 S.W.2d 220 (1980). Suspending imposition of sentence is a procedure by which a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence and without supervision. Ark. Stat. Ann. § 41-803 (4) (Repl. 1977). If a defendant violates the terms of his suspension he may be sentenced to imprisonment for any period up to the maxi-

mum time which might have been originally imposed. Ark. Stat. Ann. § 41-1208 (Repl. 1977). In the case before us, at the time of the commission of the crime, a court could either suspend imposition of sentence or place the defendant on probation but it could not do both at the same time. *Jefferson v. State,* 270 Ark. 909, 606 S.W.2d 592 (1980); Ark. Stat. Ann. § 41-801 (1), (2) (Repl. 1977). No one could be sentenced other than in accordance with the Criminal Code. Ark. Stat. Ann. § 41-803 (Repl. 1977). Here, the trial judge entered two orders on the day of sentencing, May 31, 1978. The first is styled "Judgment and Order of Suspended Sentence" and provides that "the Court fixes his punishment at a General Sentence of Five Years in the Arkansas Department of Correction, said sentence to be suspended during good behavior . . . . " The second is styled "Order" and provides that "Bennie Cooper be and is hereby placed on probation for a period of five (5) years commencing May 31, 1978 . . . . " Since the trial court at that time could only suspend imposition of sentence and, upon suspension, could not place the defendant on probation, we construe the judgment as a suspension of the imposition of sentence for a period of five years. We note that the end result of this case would be the same even if we construed the two orders as placing the defendant on probation.

On January 18, 1980, in a different case, a suspended sentence in federal district court was revoked and the appellant was sentenced to serve one year in the Federal Correctional Institution in Bastrop, Texas. At that time, the prosecuting attorney filed a petition in circuit court to revoke appellant's suspended sentence. A hearing was held, a judgment of sentence was pronounced and a docket sheet entry reflecting sentencing was made, but no order was entered. However, the record before us contains a transcription of the hearing and the docket sheet entries. The record, set out below, reflects pronouncement of a sentence. It is not in conformity with our sentencing rule or statute, A.R.Cr.P. Rule 36.4 or Ark. Stat. Ann. § 43-2301 (Repl. 1977), and did not clearly set forth the sentence as required, Ark. Stat. Ann. §§ 43-2305, 43-2602 and 43-2608 (Repl. 1977), but there was no objection by either party and no appeal from the sentence. Thus, the irregularities are waived.

The transcription of the hearing is as follows:

APPEARANCES:

MR. JIM GUNTER, Prosecuting Attorney, and MR. KIRK JOHNSON, Deputy Prosecuting Attorney, for the State of Arkansas.

MR. KARLTON KEMP, Attorney for the Defendant.

Thereupon, the following proceedings were had and done before the HONORABLE JOHN W. GOODSON, Regular Judge of the 8th Judicial Circuit of Arkansas:

BY THE COURT:

What happened in Federal Court, Mr. Cooper? What happened in Federal Court?

BY MR. KEMP:

Judge, I was appointed —

BY THE COURT:

Oh, excuse me.

BY MR. KEMP:

— and the judge sent him over here to talk to you, because he knew you had him scheduled for today.

BY THE COURT:

I was going to let him have him.

BY MR. KEMP:

He says that they will take him. And they are recommending some time over there, and it was —

BY THE COURT:

How much?

BY MR. KEMP:

Three years, and possibly some of it to be suspended. I don't know — he was sentenced to five here, wasn't he?

BY THE COURT:

Right.

BY MR. KEMP:

The judge said if you were going to sentence him over here, that he would probably make his concurrent with your finding.

BY THE COURT:

I was going to be as good to them as they are to me. I was going to let them pay for it. But it suits me, but we are going to have to have a hearing on this one, I imagine, unless —

BY THE DEFENDANT:

Well, if it's going to be cc, I don't see any question what the Federal Judge do.

BY THE COURT:

Mr. Cooper, is it all right if I make the docket notation that *the revocation of this sentence will run concurrent with the revocation of the sentence in Federal Court?* Is that . . . (Emphasis added.)

BY THE DEFENDANT:

Yes, sir.

BY MR. KEMP:

I think this petition in the same form was filed after the Federal one was, your Honor, anyway.

BY THE COURT:

All right, sir.

## END OF PROCEEDINGS

The docket sheet entries for the hearing reflect:

1/14/80  Defendant admits violation. *Revocation to run concurrent with sentence in Ark. Fed. Ct.* (Emphasis added.)

Only one conclusion can be drawn and that is the trial court revoked the suspension. The court could only suspend imposition of sentence so obviously the imposition of sentence was revoked. When that occurred an appropriate sentence could be imposed. Ark. Stat. Ann. § 41-1208 (6) (Repl. 1977); *See also* Commentary thereto. While the term imposed is not precisely set out, we interpret the proceedings as imposing a sentence concurrent with the federal sentence which was for one year commencing January 23, 1980. Then, on February 24, 1981, more than one year later and after appellant had been released from federal custody, the prosecuting attorney filed a pleading styled "Petition to Revoke Probated Sentence" and an "Amended Petition to Revoke Probated Sentence." Both petitions refer to the original judgment for theft by receiving. The petitions were heard on February 25, 1982, and the trial court entered a judgment and order of commitment which provides:

That on a former day to-wit: May 31, 1978 Defendant entered his plea of Guilty to the crime of Theft by Receiving and his punishment was fixed at a General Sentence of Five (5) Years in the Arkansas Department of Correction, said sentence to be suspended during good behavior, fine of $500.00 and cost,
Now on this 25th day of February, 1982 it is found by

the Court that said Defendant has violated the conditions of his Suspended Sentence and is hereby ordered committed to the Arkansas Department of Correction for a period of Five (5) Years. Defendant has been incarcerated in Miller County since January 27, 1982.

Appellant contends the sentence is void. The contention is meritorious. This was the second sentence for the crime of theft by receiving committed January 23, 1978. A second sentence cannot be imposed at a subsequent revocation hearing. *Easley* v. *State,* 274 Ark. 215, 623 S.W.2d 189 (1981). In addition, the trial court did not have jurisdiction by the time it pronounced the second sentence for, by then, the first sentence had already been put into execution. Once a valid sentence is put into execution the trial court is without jurisdiction to modify, amend or revise it. *Shipman* v. *State,* 261 Ark. 559, 550 S.W.2d 424 (1977). The increased punishment at a second sentencing is void for yet another reason. As Justice Douglas stated in discussing double jeopardy, "A person need run the gauntlet only once." *North Carolina* v. *Pearce,* 395 U.S. 711 (1969).

Reversed.