WIEDERKEHR WINE CELLARS, INC. & Swiss Family Vineyards, Inc. *v.* CITY NATIONAL BANK of Fort Smith

89-234                                                        780 S.W.2d 551

Supreme Court of Arkansas
Opinion delivered December 4, 1989
[Supplemental Opinion on Denial of Rehearing January 16, 1990.*]

---

*Holt, C.J., and Glaze, J., would grant rehearing. Hickman and Turner, JJ., not participating.

538

*Davidson, Horne & Hollingsworth*, by: *Walter W. Davidson* and *Patrick E. Hollingsworth*, for appellant.

*Harper, Young, Smith & Maurras*, by: *S. Walton Maurras*, for appellee.

DAVID NEWBERN, Justice. The appellants, Wiederkehr Wine Cellars, Inc., and Swiss Family Vineyards, Inc., collectively referred to here as "Wiederkehr," sued the appellee, City National Bank of Fort Smith, alleging breaches of a secured loan agreement and of certain fiduciary obligations. The bank filed an answer and counter-claim alleging default on numerous mortgages and other security agreements which had been taken to secure the loan. The trial court granted the bank's motion to be allowed to file a "third party complaint" against Davidson, Horne & Hollingsworth, the law firm representing Wiederkehr. By becoming a party to the litigation, the law firm was disqualified as Wiederkehr's representative. The question on this interlocutory appeal is whether the trial court erred in permitting the law firm

to be brought into the litigation as a third party defendant. We hold it was error. The law firm was not alleged to have been liable to the bank for any part of Wiederkehr's claim against the bank. The third party complaint was thus not permissible under Ark. R. Civ. P. 14. We dismiss the bank's other arguments with respect to joinder and ethics violations because they are not properly before us.

On July 13, 1983, the bank loaned Wiederkehr $1.8 million to provide operating capital and to consolidate and restructure the companies' debt. The loan agreement provided for distribution of the money as needed. It contained a covenant by which the Wiederkehr companies agreed not to transfer or encumber any unencumbered assets valued in excess of $25,000 without the bank's written permission.

Davidson, Horne & Hollingsworth has represented Wiederkehr for many years and was involved in the negotiation of the agreement with the bank. The bank alleges that, in Wiederkehr's answers to interrogatories, dated July 19, 1988, Wiederkehr stated it had not sold or transferred any fixed assets valued above $25,000 since September 1, 1987. The answers were signed by a Wiederkehr official and a representative of the law firm. It is further alleged that in November, 1988, the bank learned that Swiss Family Vineyards, Inc., had transferred 282 acres of land to the law firm. The bank amended its counter-claim to allege a breach of the covenant. An answer to the amended counter-claim, signed by a representative of the law firm, was filed on December 9, 1988, admitting that one tract of land valued over $25,000 had been transferred to the law firm without the bank's permission.

The bank alleges that land records show that four tracts of land, collectively comprising 282 acres valued in excess of $300,000, were transferred by Swiss Family Vineyards, Inc., to the law firm. Two of the deeds were dated October 30, 1987, one was dated April 15, 1988, and one was dated August 31, 1988. On one of the deeds dated October 30, 1987, there was appended a handwritten note, "Please do not publish."

At a hearing on the bank's motion to be permitted to file a third party complaint against the law firm, Walter Davidson of

the law firm stated that Wiederkehr had breached the covenant and had conveyed the 282 acres to the law firm as its only means of paying money owed to the law firm as well as its future fees to arise from litigation over the loan agreement. He noted there were other alleged breaches of the agreement, presumably by the bank, and that the bank was using its allegation of the law firm's complicity in the breach of the covenant by Wiederkehr not to transfer assets in excess of $25,000 value without permission as a stratagem to deprive Wiederkehr of the law firm's representation. He pointed out that the bank's loan to Wiederkehr was fully collateralized by property mortgaged to the bank which did not include the land conveyed to the law firm.

## 1. Third party complaint

In its motion to be allowed to file a third party complaint against the law firm, the bank stated that the law firm had intentionally interfered in an advantageous business relationship between the bank and Wiederkehr. It was stated that the conveyances from Wiederkehr to the law firm were fraudulent and that they gave rise to an equitable lien on the land in favor of the bank.

Arkansas R. Civ. P. 14 is entitled "Third-Party Practice." It provides, in section (a), that a defending party "may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The bank is the defendant in this action. The bank's motion does not assert that the law firm will be liable to the bank for any part of Wiederkehr's claim against the bank, and the bank's brief contains no argument that the trial court properly granted its motion because it was allowed by Rule 14. We need consider that question no further.

## 2. Joinder

The bank's main argument on appeal is also misplaced. The motion seeking permission to file a third party complaint asserted that the bank had an equitable lien on the land it alleged to have been conveyed by Wiederkehr to the law firm. The argument now being made is that Ark. R. Civ. P. 19 requires joinder of the law

firm as a party. Rule 19 is entitled, "Joinder of Parties Needed for Just Adjudication."

The record, as abstracted, does not show that relief has been sought by the bank against the law firm. No joinder of any claim against the law firm with the one asserted by counter-claim against Wiederkehr has been sought. Before the trial court granted the bank's motion to be permitted to file a third party complaint against the law firm, the bank amended its counter-claim against Wiederkehr by adding a reference to part V.a. of its agreement with Wiederkehr in which the covenant not to convey land is contained. The bank alleged it had an equitable lien on "all lands owned by Swiss Family and Wiederkehr regardless of whether the said lands have been subjected to a mortgage or not." The additional relief sought was that Swiss Family Vineyards, Inc., "be required to cause the law firm to reconvey to it all lands heretofore conveyed" to the law firm.

Other than by way of the ill-fated third party complaint, no relief has been sought against the law firm, and it has not been made a party to this litigation by the bank. *See* Ark. R. Civ. P. 20(a). Nor has there been a motion made pursuant to Rule 19 that the law firm be made a party, although the bank's supplementary abstract shows that Rule 19 was mentioned by the bank's counsel at the hearing on the bank's motion to be permitted to file a third party complaint.

### 3. Ethics Allegations

In its brief, the bank has alleged violations by the law firm of the Model Rules of Professional Conduct. We agree with Wiederkehr's argument that these allegations are not based on any finding of fact by the trial court, were not raised below, and are not proper subjects on appeal.

Wiederkehr has asked that we strike the bank's brief, citing only *McLemore* v. *Elliot*, 272 Ark. 306, 614 S.W.2d 226 (1981). We decline to strike the bank's brief because we do not find that it contains the kind of "intemperate and distasteful" language and "inexcusable breach of the obligation of profes-

sional courtesy" with which we were confronted in the McLemore case.

### Conclusion

Our interlocutory review in this case is limited to the "order which disqualifies an attorney from further participation in the case." Ark. R. App. P. 2(a)(8). The order appealed from is the one granting permission to file a third party complaint. Because that order was erroneous, it must be reversed.

Reversed and remanded.

HICKMAN, J., not participating.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
JANUARY 16, 1990

*Walter W. Davidson*, for appellants.

*S. Walton Maurras*, for appellee.

PER CURIAM. Petition for rehearing is denied.

TOM GLAZE, Justice, dissenting. In its petition for rehearing, appellants request the court to strike portions of appellee's brief that contain suggestions of wrongdoing or ethical impropriety on the part of appellants' counsel. In its opinion handed down December 4, 1989, this court unanimously agreed with appellants' argument that such alleged ethical violations were not proper subjects in this appeal. Because such allegations are wholly extraneous to the issues in this case, appellants' request to strike those allegations and language from the appellee's brief should be granted. *See Dunbar* v. *Bell*, 90 Ark. 316, 119 S.W. 670 (1909). The court's failure to strike such irrelevant and objectionable material only encourages similar violations in the future.

HOLT, C.J., join this dissent.

HICKMAN, J., not participating.