Robert Allen COX  *v.*  STATE of Arkansas

CR 05-80                                          229 S.W.3d 883

Supreme Court of Arkansas
Opinion delivered February 23, 2006

*Rees Law Firm*, by: *Brenna J. Ryan*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Justice. On February 24, 2003, appellant, Robert Allen Cox, pleaded guilty to the following: (1) possessing drug paraphernalia with intent to manufacture methamphetamine and possessing methamphetamine with intent to deliver in case number CR-2000-173; (2) possessing methamphetamine and possessing drug paraphernalia in case number CR-2001-17; and, (3)

possessing methamphetamine with intent to deliver and possessing drug paraphernalia in case number CR-2002-81. He was placed on probation for a period of four years and fined $1500 for each of the charges on possession of methamphetamine with intent to deliver. On July 21, 2003, the State filed a second amended petition to revoke probation, alleging numerous violations of the terms and conditions of appellant's probation, none of which are at issue in this appeal. The trial court granted the petition, revoked appellant's probation, and sentenced him on August 26, 2003, as follows: (1) in case number CR 2000-173, fifteen years in prison for the possession of drug paraphernalia with intent to manufacture methamphetamine charge and forty years in prison for the possession of methamphetamine with intent to deliver charge; (2) in case number CR 2001-17, ten years for the possession of methamphetamine charge and ten years for the possession of drug paraphernalia charge; and, (3) in case number CR 2002-81, forty years for the possession of methamphetamine with intent to deliver charge and ten years for the possession of drug paraphernalia charge. The judge determined that all sentences were to be served concurrently. Cox alleges on appeal that Ark. Code Ann. § 5-4-309(f)(1) (Repl. 2006) and Ark. Code Ann. § 16-93-402(e) (Repl. 2006) are in conflict, making his sentence void, and that his trial counsel was ineffective for failing to object to the trial court's determination that he must serve seventy percent of his sentence before parole eligibility. We affirm the decision of the trial court.

Appellant claims that section 5-4-309(f)(1) and section 16-93-402(e) are in conflict. Section 5-4-309(f)(1) reads:

(A) If the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty.

(B) Provided, that any sentence to pay a fine or of imprisonment, when combined with any previous fine or imprisonment imposed for the same offense, shall not exceed the limits of § 5-4-201 or § 5-4-401, or if applicable, § 5-4-501.

Ark. Code Ann. § 5-4-309(f)(1)(A) and (B). However, Section 16-93-402(e) reads:

(1) At any time within the probation period or within the maximum probation period permitted by § 16-93-401 [repealed], the

court for the county in which the probationer is being supervised or, if no longer supervised, the court for the county in which he was last under supervision may issue a warrant for his arrest for violation of probation occurring during the probation period.

(2) The warrant may be executed by any peace officer authorized to make arrests under the laws of the State of Arkansas.

(3) If the probationer shall be arrested in any county other than that in which he was last supervised, he shall be returned to the county in which the warrant was issued.

(4) As speedily as possible, the probationer shall be taken before the court having jurisdiction over him

(5) Thereupon, the court may revoke the probation and require him to serve the sentence imposed or any lesser sentence which might have been originally imposed.

Ark. Code Ann. § 16-93-402(e)(1)-(5). Appellant argues that the court failed to apply the more lenient statute, pursuant to *Busic v. United States*, 446 U.S. 398 (1980), and *Lawson v. State*, 295 Ark. 37, 746 S.W.2d 544 (1988), and that his prison sentence was therefore illegal since it exceeded the term of his original sentence, supervised probation and a fine.

This court has recently decided this issue in *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005). Rickenbacker had pleaded nolo contendre to two counts of first-degree sexual abuse, and was placed on probation for five years and fined $5,000. *Id.* The Van Buren County Circuit Court revoked his probation, and Rickenbacker was sentenced to ten years' imprisonment. *Id.* Rickenbacker appealed, alleging that section 5-4-309(f)(1) and section 16-93-402(e) were in conflict. *Id.* We turned to our decision in *Lewis v. State*, 336 Ark. 469, 986 S.W.2d 95 (1999), for an understanding of the two provisions. *Rickenbacker, supra.*

Lewis pleaded guilty to possession of methamphetamine, and his punishment was fixed at three years' imprisonment, with the imposition of that sentence suspended. *Lewis, supra.* He was first placed on supervised probation, however it was later revoked

and Lewis was sentenced to ten years' imprisonment. *Id*. This court affirmed the trial court in *Lewis*. In *Rickenbacker* we stated:

> In affirming the trial court's decision, we found that while the language of the trial court's order read "punishment is fixed at three years in the Arkansas Department of Correction," the order clearly provided that Lewis was put on probation as a first offender; therefore, no adjudication of guilt or sentence was imposed. [*Lewis*, 336 Ark.] at 474-75, 986 S.W.2d at 98. We held that the court intended that Lewis be placed on probation, and once he failed to comply with the conditions of his probation, the trial court was authorized, pursuant to § 5-4-309(f), to impose any sentence that may have originally been imposed for the offense of which he was found guilty. *Lewis*, 336 Ark. at 476, 986 S.W.2d at 99.
>
> According to this court, if probation was entered and no sentence was actually imposed, the trial court was authorized, upon revocation, to sentence the defendant to a term of imprisonment larger than the term of probation. *Id*. We noted that § 16-93-402 did not apply in *Lewis*, as the statute only comes into play when a sentence is imposed, in which case, upon revocation, the defendant can only be made to serve the sentence imposed or any lesser sentence which might have originally been imposed. *Id*. at 476, 986 S.W.2d at 99.
>
> The application of the appropriate statute depends on whether appellant's probation and fine constituted a "sentence imposed." To answer this question, we look to our decision in *Diffee v. State*, 290 Ark. 194, 718 S.W.2d 94 (1986). In that case, Diffee pleaded guilty to obtaining drugs by fraud, and the court took her plea under advisement, fined her $500, plus costs, and placed her on probation for three years. The trial court later revoked her probation, and sentenced her to five years' imprisonment. *Id*. at 195, 718 S.W.2d at 94. The appellant filed a petition for postconviction relief, which was denied; however, the trial court amended the earlier order by changing the fine to an assessment of $500 as administrative costs. On appeal, we affirmed the denial of relief, and held that it was immaterial whether the court had the power to change the nature of the fine. *Diffee*, 290 Ark. at 195, 718 S.W.2d at 94.
>
> In that case, we held that no sentence was imposed when Diffee was placed on probation; moreover, we did not regard the $500 fine as

a "sentence imposed," because "[Ark. Stat. Ann. § 43-2332, currently Ark.Code Ann. § 16-93-402] is directed to a revocation of probation and thus is referring to the possible sentence to imprisonment that gave rise to the probation." *Id.* at 199, 718 S.W.2d at 96.

*Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005). After considering earlier decisions of this court, we concluded that the defendant in *Rickenbacker* was not sentenced for the purposes of section 16-93-402(e)(5) because he, too, had been placed on probation and fined. *Id.* Therefore, he was subject to section 5-4-309(f)(1)(A). *Id.*

■ Section 16-93-402(e)(5) is inapplicable to the instant case based on our decisions in *Rickenbacker, Lewis,* and *Diffee.* No sentence was imposed on Cox, as he was placed on four years' probation and fined. Therefore, section 5-4-309(f)(1)(A) applies, and the trial court did not err in ordering appellant to serve a forty-year sentence as it could have done originally.

■ The State requests that this court hold that section 16-93-402(e)(5) has been repealed by implication. It is the State's position that because this court no longer permits a suspended execution of a sentence, section 16-93-402(e)(5) is repealed by implication. *See, e.g., Wells v. State,* 337 Ark. 586, 991 S.W.2d 114 (1999). However, repeals by implication are not only strongly disfavored by the law, but a statute will only be impliedly repealed in Arkansas when two enactments cannot stand together. *Neeve v. City of Caddo Valley,* 351 Ark. 235, 91 S.W.3d 71 (2002). We will not find a repeal by implication if there is any way to interpret the statutes harmoniously. *Id.* Clearly, this court resolved any discord between section 16-93-402(e)(5) and section 5-4-309(f)(1)(A) in *Rickenbacker, supra,* therefore, a repeal by implication is not the proper outcome.

For his second point on appeal, Cox contends that his trial counsel was ineffective for not objecting to the trial judge's sentencing, requiring him to serve seventy percent of the sentence imposed before being considered eligible for parole. During sentencing, the prosecutor informed the judge that the seventy-percent rule could not be waived for certain offenses, but that the trial court could choose to impose a lesser sentence to take the

seventy-percent requirement into account.[1] The judge, however, decided to leave the pronounced sentence in place.

An individual claiming ineffective assistance of counsel must prove that his counsel not only made errors, but that the errors were so serious that counsel was not functioning in the capacity as guaranteed by the Sixth Amendment, and that, but for those errors, there is a reasonable probability that the outcome of the proceeding would have been different. *State v. Hardin*, 347 Ark. 62, 60 S.W.3d 397 (2001). In the instant case, Cox did not provide any argument illustrating how the outcome of this case would have been different had his counsel objected to the sentence. In addition, the prosecutor's statement to the judge regarding the seventy-percent rule was a correct statement of the law, and the trial judge chose to leave the sentence as he first pronounced it. It is well settled that trial counsel does not perform deficiently by failing to make an objection that is without merit. *See Monts v. State*, 312 Ark. 547, 851 S.W.2d 432 (1993). Cox's counsel did not have a legal basis upon which to object to the sentence given by the trial judge, and Cox failed to illustrate, with any reasonable probability, that the outcome of the case would have been different had his counsel objected. In fact, the trial court noted, in the order denying Cox's Rule 37 petition, that "nothing defense counsel could have said at that point would have caused the court to change the sentence given defendant, and the court finds that counsel was not ineffective for failure to reiterate what the court had already been told." We find that Cox did not meet the burden of proof in his ineffective assistance of counsel claim.

The State contends that certain language used in Cox's brief to this court shows contempt and disrespect for the trial court, and suggests that this court strike the offending pages from his brief and affirm. *See McLemore v. Elliot*, 272 Ark. 306, 614 S.W.2d 226 (1981). "No argument, brief, or motion filed or made

---

[1] The offense at issue is possessing drug paraphernalia with intent to manufacture methamphetamine. Ark. Code Ann § 5-64-403(c)(5) (Supp. 2003). A person convicted of that offense and sentenced to imprisonment may not be eligible for parole until serving seventy percent of any sentence received. Ark. Code Ann. § 16-93-611(a)(1) (Repl. 1999). To date, the only waiver that a trial court can make of the seventy-percent requirement is for juvenile offenders. Ark. Code Ann. § 16-93-611(b) (Supp. 2003). Appellant was forty-two years old at the time his probation was revoked.

in the Court shall contain language showing disrespect for the circuit court." Ark. Sup. Ct. R. 1-5. Cox's brief, on the second point on appeal, claims that he was not protected from "the capricious whims of a judge who did not understand the law under which he was sentencing [him.]" In the past, this court has struck an entire brief and affirmed when distasteful language permeated the brief. *McLemore, supra.* However, we first consider whether portions of the brief can be effectively struck, *id.*, and we find that the quoted language in Cox's brief was offensive, but not the entire brief. Therefore, we strike the first sentence on page four of appellant's brief, which contains the distasteful language.

Affirmed.

HANNAH, C.J., dissents.

JIM HANNAH, Chief Justice, dissenting. I must respectfully dissent. Cox asserts correctly that he was sentenced on February 24, 2003, and was not subject to be sentenced a second time on September 5, 2003.

The majority is wrong in stating that "[n]o sentence was imposed on Cox, as he was sentenced to four years' probation and fined." The majority relies on *Rickenbacker v. Norris*, 361 Ark. 291, 296, 206 S.W.3d 220, 224 (2005), where this court stated, "In the instant case, appellant was sentenced to five years' probation and fined; accordingly, there was no sentence imposed."

The analysis in both the majority opinion and in *Rickenbacker* is based on Act 1569 of 1999, which according to the opinion in *Rickenbacker*, "allows a trial court to modify an original sentence once it is executed." Sentencing certainly is a matter of statute. *Meadows v. State*, 320 Ark. 686, 899 S.W.2d 72 (1995). Prior to the enactment of Act 1569, a court could not modify a valid sentence once put into execution. *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992). Now with the passage of Act 1569, the courts purportedly have the authority to modify a sentence already put into execution. However, more than a statute is at issue in this case.

As the court noted in *Cooper v. State*, 278 Ark. 394, 400, 645 S.W.2d 950, 953 (1983), a second sentence was not only void based on the then existing statutes, but "[t]he increased punishment at a second sentencing is void for yet another reason. As

Justice Douglas stated in discussing double jeopardy, 'A person need run the gauntlet only once.' *North Carolina v. Pearce*, 395 U.S. 711 (1969)." Multiple punishments for the same offense violate the protection afforded by double jeopardy.[1] *Cummings v. State*, 353 Ark. 618, 110 S.W.3d 272 (2003).

The majority opinion and *Rickenbacker* rely on statutes and fail to consider double jeopardy. *Rickenbacker* cites *Gates v. State*, 353 Ark. 333, 107 S.W.3d 868 (2003), a case which *Rickenbacker* correctly notes held that Act 1569 was inapplicable in that case. Therefore, if *Rickenbacker* relies on the statement in *Gates* that "[p]rior to Act 1569 of 1999, a trial court lost subject-matter jurisdiction to modify or amend an original sentence once it was put into execution," then *Rickenbacker* is based on dicta. In any event, the statement in *Gates* is nothing more than a characterization of the statute. *Rickenbacker* also relies on *Lewis v. State*, 336 Ark. 469, 986 S.W.2d 95 (1999); however, *Lewis* involved the First-Offender's Act of 1975, "under which no adjudication of guilt or sentence is imposed." *Lewis*, 336 Ark. at 475, 986 S.W.3d at 98. The sentence complained of in *Lewis* was the first sentence imposed, not a second sentence as in the present case. Likewise, the reliance in *Rickenbacker* on *Diffee v. State*, 290 Ark. 194, 718 S.W.2d 94 (1986), is misplaced. In *Diffee*, as *Rickenbacker* notes, the plea of guilty was taken under advisement and Diffee was placed on probation under the court's supervision. There was no conviction of guilt by the "Judgment and Disposition Order" entered March 4, 2003. The order reflects that on each charge Cox was found guilty, and that he was sentenced by the court. On each charge, Cox was sentenced to 48 months' probation, and in addition, he was fined $3000. Whereas in *Diffee* it was only when Diffee violated the conditions of probation that she was convicted and sentence was imposed. Again, as in *Lewis*, in *Diffee*, there was no second sentence imposed as has been imposed in the present case.

I have no doubt based on the transcript of the hearing on February 24, 2003, that the State, the circuit court, and Cox believed that if he violated probation, he could be sentenced to prison. However, the subjective beliefs of those present in the courtroom do not alter the law.

---

[1] Double jeopardy provides protection against: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Cummings v. State*, 353 Ark. 618, 110 S.W.3d 272 (2003).

In *Gates, supra*, this court noted the agelong rule that a circuit court losses subject matter jurisdiction to modify a sentence once it is put into execution. The rule long predates the present criminal code upon which the court relied in *Rickenbacker,* and upon which the majority now relies. In *Shipman v. State*, 261 Ark. 559, 563, 550 S.W.2d 424, 426 (1977), this court stated that "when a valid sentence had been put into execution, the trial court was without jurisdiction to modify, amend or revise it, either during or after the term at which it was pronounced." (citing *Charles v. State*, 256 Ark. 690, 510 S.W.2d 68 (1974); *Williams v. State*, 229 Ark. 42, 313 S.W.2d 242 (1958); *Emerson v. Boyles*, 170 Ark. 621, 280 S.W. 1005 (1926)). This court in *Emerson v. Boyles*, 170 Ark. 621, 624, 280 S.W. 1005, 1006 (1926), quoted *Ex Parte Lange*, 85 U.S. 163, 164 (1874), where the United States Supreme Court stated, "If there is anything settled in the jurisprudence of England and America, it is that no man can twice be lawfully punished for the same offense."

What this court did in *Rickenbacker* was implicitly hold that a recently enacted statute purporting to allow modification of sentences put into execution abolishes the United States Constitutional protection against double jeopardy, the Arkansas Constitutional protection against double jeopardy, and the common law protection against double jeopardy that long predates either constitution. The circuit court lost jurisdiction to revoke the sentence once it was imposed and put into execution.

This case is very simple. Cox pled guilty. He was convicted and the court sentenced him to 48 months' probation on each charge and a $3000 fine. When sentence was pronounced in a case where the defendant pled guilty, subject matter jurisdiction ended on March 4, 2003, when the order was entered. Where punishment is a fine, it is payable and put in execution upon entry of the order. Ark. Code Ann. § 5-4-202(b)(2) (Repl. 2006). To allow the outcome allowed by the majority nullifies one of the three protections afforded under double jeopardy through the United States Constitution, the Arkansas Constitution, and the common law.