SLIP OPINION



# SUPREME COURT OF ARKANSAS

No. CV-12-931

| | |
|---|---|
| GARY GARDNER<br><br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION; ROY AGEE, RECORDS SUPERVISOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEES | Opinion Delivered October 31, 2013<br><br>PRO SE MOTION TO SUBMIT ADDITIONAL DOCUMENTS IN SUPPORT OF REPLY BRIEF [JEFFERSON COUNTY CIRCUIT COURT, 35CV-12-244, HON. JODI RAINES DENNIS, JUDGE]<br><br>AFFIRMED; MOTION MOOT. |

## PER CURIAM

In 2003, appellant Gary Gardner entered a plea of guilty in the Poinsett County Circuit Court to first-degree murder, and a sentence of 480 months' imprisonment was imposed. The date of the offense was February 2, 2002.

On May 7, 2012, appellant filed a pro se complaint for declaratory judgment and petition for writ of mandamus against the director and the records supervisor of the Arkansas Department of Correction (ADC) in the Jefferson County Circuit Court. In the petition, appellant contended that he should not be required by Arkansas Code Annotated section 16-93-611 (Supp. 1999) (repealed 2011) to serve seventy percent of his sentence before being eligible for parole or transfer because the statute violates his right to equal protection and conflicts with other Arkansas statutes. He sought an order from the circuit court declaring section 16-93-611 to be unconstitutional and requiring the ADC records supervisor to recalculate his sentence, allowing him credit for meritorious good time without imposing the statutory requirement that he serve seventy percent of his sentence. The circuit court denied the complaint and petition

and dismissed the case with prejudice.

Appellant lodged an appeal in this court, and both the appellant and the State have filed timely briefs. Now before us is appellant's motion to submit documents in support of his reply brief. As it is clear from the record and filed briefs that appellant could not prevail if the appeal were permitted to go forward, the order is affirmed, and the motion is moot. This court treats declaratory-judgment proceedings as applications for postconviction relief in those instances where a prisoner seeks relief from the conditions of his incarceration. *Crawford v. Cashion*, 2010 Ark. 124, 361 S.W.3d 268 (per curiam). Here, we agree with the trial court that appellant failed to state a basis for declaratory judgment under Arkansas Code Annotated sections 16-111-101 to -111 (Repl. 2006). Without establishing a right to declaratory judgment, appellant provided no basis for a writ of mandamus to issue. *See id.*

Appellant contends that the ADC should not apply section 16-93-611 to calculate his parole-eligibility date because the statute is invalid and unconstitutional.[1] Parole eligibility is determined by the law in effect at the time the crime is committed. *Anderson v. Hobbs*, 2013 Ark. 354 (per curiam). Section 16-93-611(a), as in effect at the time that appellant committed the crime of first-degree murder, stated as follows:

> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5-10-102, . . . shall not, except as provided in subsection (b) of this section, be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment, including a sentence prescribed under § 5-4-501, to which the person is sentenced.

Appellant's first contention is that section 16-93-611 is invalid because, when the statute

---

[1]Appellant summarily states that section 16-93-611 is vague; however, he states no facts to support his conclusory claim.

was enacted, it conflicted with existing statutes addressing meritorious good-time credit, namely Arkansas Code Annotated sections 12-29-201 (Repl. 1995) and 12-29-202 (Supp. 1997), and statutes addressing transfer eligibility, namely Arkansas Code Annotated sections 16-93-206 (Supp. 1999) and 16-93-1302 (Supp. 2001) (repealed 2011). The circuit court properly found that section 16-93-611 was the controlling statute.

It is well settled that statutes relating to the same subject should be read in a harmonious manner if possible. *Hobbs v. Baird*, 2011 Ark. 261; *Sesley v. State*, 2011 Ark. 104, 380 S.W.3d 390; *Thomas v. State*, 349 Ark. 477, 79 S.W.3d 347 (2002). All legislative acts relating to the same subject matter are said to be *in pari materia* and must be construed together and made to stand if they are capable of being reconciled. *Baird*, 2011 Ark. 261; *Sesley*, 2011 Ark. 104, 380 S.W.3d 390. Repeals by implication are strongly disfavored by the law, and a statute will only be impliedly repealed in Arkansas when two enactments cannot stand together. *Cox v. State*, 365 Ark. 358, 229 S.W.3d 883 (2006). Repeal by implication is recognized in only two situations: (1) where the statutes are in irreconcilable conflict, and (2) where the legislature takes up the whole subject anew, covering the entire subject matter of the earlier statute and adding provisions clearly showing that it was intended as a substitute for the former provision. *Thomas*, 349 Ark. 477, 79 S.W.3d 347. We will not find a repeal by implication if there is a way to interpret the statutes harmoniously. *Cox*, 365 Ark. 358, 229 S.W.3d 883. Additionally, one of the rules of statutory construction involves a presumption that the legislature is fully aware of prior legislation and case law under preexisting law. *Sesley*, 2011 Ark. 104, 380 S.W.3d 390.

The reconciliation of section 16-93-611 with the aforementioned statutes addressing meritorious good-time credit and transfer eligibility is easily accomplished because section 16-93-

611 includes specific language stating that it is an exception to other statutes providing for the award of meritorious good time or conflicting with its provisions. This exception phrase of section 16-93-611 states, "Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary . . . ." Accordingly, pursuant to section 16-93-611, as in effect at the time that appellant committed the crime of first-degree murder, appellant was not eligible for parole or transfer until he had served seventy percent of his 480-month sentence, regardless of any earned meritorious good time.

Next, appellant contends that section 16-93-611 violates his right to equal protection, as guaranteed by the federal and state constitutions. He argues that the statute impermissibly classifies inmates by requiring only offenders of certain Class Y offenses to serve seventy percent of their sentence before being eligible for parole or transfer. Because appellant does not allege that he is a member of a protected class or that his fundamental rights have been violated, the applicable constitutional standard of review is the rational-basis test. *See Arnold v. State*, 2011 Ark. 395, 384 S.W.3d 488. Under the rational-basis test, the party challenging the constitutionality of the statute must prove that the statute is not rationally related to "achieving any legitimate governmental objective under any reasonably conceivable fact situation." *Talbert v. State*, 367 Ark. 262, 239 S.W.3d 504 (2006). A classification must be upheld against an equal-protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. *Arnold*, 2011 Ark. 395, 384 S.W.3d 488 (citing *Heller v. Doe*, 509 U.S. 312 (1993)). In enacting section 16-93-611, the General Assembly required that offenders of particularly egregious crimes, such as first-degree murder, serve a greater percentage of their sentence imprisoned than those who commit lesser crimes. Such a requirement is

rationally related to the goals of protecting the public and imposing appropriate punishments.

Finally, while the circuit court's order and the State's argument refer to a claim of due process as being raised below, the record does not reflect that appellant alleged a violation of due process in his petition. In any event, to the extent that a due-process allegation can be gleaned from the petition such that we can consider the claim on appeal, the argument is without merit. Citing a number of cases, appellant contends in his brief-in-chief that a due-process violation has occurred because section 16-93-611 deprives him of an award of meritorious good time, and he has a constitutionally protected liberty interest in good-time credit.

Meritorious good time does not actually reduce the length of a sentence; instead, meritorious good-time credit is applied to an inmate's transfer-eligibility date. *Baird*, 2011 Ark. 261; *see* Ark. Code Ann. § 12-29-201. We have held that, because meritorious good time does not apply to reduce the length of a sentence, Arkansas has not created a liberty interest in good time under the constitutional analysis in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *McKinnon v. Norris*, 366 Ark. 404, 231 S.W.3d 725 (2006) (per curiam). Thus, to the extent that appellant has alleged a claim for a violation of due process, his claim cannot be supported. *See id.*

Appellant based his request for the writ of mandamus upon the establishment of a right to the declaratory judgment that he sought. Because the trial court correctly found that he did not plead facts sufficient to warrant declaratory judgment, he did not establish a right that could be a basis for issuance of a writ of mandamus. Because appellant could not prevail on appeal, the order is affirmed, and the motion to submit additional documents is moot.

Affirmed; motion moot.
*Gary Gardner*, pro se appellant.
*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.