Ron and Ramona DAVENPORT, as the Administrators of the Estate of Linda Kay Moore, *Deceased*, or, in the Alternative, Ron and Ramona Davenport, Individually and as the Heirs at Law of Linda Kay Moore, *Deceased*, on Behalf of Themselves and All Other Heirs at Law of the Deceased, or All Who are Entitled to Legal Redress for the Death of Linda Kay Moore, *Deceased v.* Tyrone LEE, M.D.; Conway Regional Medical Center; Craig Cummins, M.D.; and James Throneberry, M.D.

01-456                                           76 S.W.3d 265

Supreme Court of Arkansas
Opinion delivered May 30, 2002

*The Boyd Law Firm*, by: *Charles Phillip Boyd, Jr.*, for appellants.

*Wright, Lindsey & Jennings LLP*, by: *Troy Price* and *Patricia Sievers Harris*, for appellees.

P ER CURIAM. Appellants Ron and Ramona Davenport filed a motion to stay, or in the alternative to recall, the mandate issued by this court in *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). There, this court held that a *pro se* complaint filed by a non-attorney personal representative in a wrongful-death action was a nullity and thus affirmed the trial court's dismissal of Appellants' action.

On April 29, 2002, the final day that Appellants could file a petition for rehearing, they filed a motion requesting an extension of time to file their petition. This court granted their motion and extended the deadline until May 6, 2002. Thereafter, shortly before 5:00 p.m. on May 6, counsel for Appellants contacted the office of this court's clerk and informed a deputy clerk that two of his employees were on their way to the clerk's office to file the petition. Because the employees did not arrive until after 5:00 p.m., the petition was untimely, and they were not allowed to file it.

In a last-ditch effort, Appellants have now filed the present motions seeking to stay or recall the mandate and to file the petition for rehearing. Therein, Appellants acknowledge that it is not this court's duty to ensure that a party files a petition for rehearing within the required time limits. On this point, Appellants are correct. Additionally, where Appellants present no compelling reason as to why they were unable to meet two different deadlines, we will not accept their untimely petition for rehearing.

On a final note, we have reviewed the document attached to Appellant's petition for rehearing that Appellants' counsel avers is not the final draft, but rather a pleading styled in the manner of a "closing argument." In the absence of any indication to the contrary, we presume that this draft of the petition was the one coun-

sel intended to file with this court on May 6, had it been timely. Not only is the petition completely devoid of any citation to authority demonstrating how this court erred legally or factually in its opinion, but its tenor is one of disrespect, bordering almost on contemptuous, toward the members of this court.

█ As set forth in Ark. Sup. Ct. R. 1-5, "No argument, brief, or motion filed or made in the Court shall contain language showing disrespect for the circuit court." Just as we will not allow a lawyer to show disrespect for the judges sitting in circuit courts, we will not allow an attorney to show disrespect for the members of this court. *See, e.g., White v. Priest*, 348 Ark. 783, 73 S.W.3d 572 (2002) (*per curiam*).

█ It is well settled that this court expects the members of the bar to fulfill their professional responsibilities, while still maintaining the highest standards of ethical conduct. *See Weems v. Supreme Ct. Comm. on Prof. Conduct*, 257 Ark. 673, 523 S.W.2d 900 (1975). Accordingly, as this matter implicates violations of the Model Rules of Professional Conduct, we refer Appellant's attorney, Mr. Charles Phillip Boyd Jr., to this court's Committee on Professional Conduct to take whatever action may be warranted under the facts and circumstances of this matter.

Motions denied.

HOWARD W. BRILL, Spl. J., joins in this *per curiam* opinion.

GLAZE, J., not participating.