Stark LIGON, as Executive Director of the Supreme Court Committee on Professional Conduct *v.* R.S. McCULLOUGH

04-1395                                          247 S.W.3d 868

Supreme Court of Arkansas
Opinion delivered January 25, 2007

R.S. McCullough, pro se.

*Nancie M. Givens,* for Stark Ligon, as Executive Director of the Supreme Court Committee on Professional Conduct.

PER CURIAM. ■ Mr. R.S. McCullough filed a motion to abate a $550 fine imposed on him from the Professional Conduct Committee. In his motion for abatement, McCullough argues that he is indigent and cannot pay the fine. However, inter-

mingled into his substantive request for abatement, Mr. McCullough uses unnecessary, strident, and disrespectful language toward Mr. Stark Ligon, who represents the Committee on Professional Conduct as its Executive Director and attorney (officer of the court). Examples of Mr. McCullough's remarks follow, and we note that Mr. Mc-Cullough, throughout his motion, refers to Mr. Ligon using lower case letters:

> [McCullough] received a rather infantile and asinine communication from stark ligon dated October 19, 2006.
>
> . . . .
>
> [B]ased upon the venom which ligon appears to harbor for [Mc-Cullough] in particular and other black lawyers, in general, he saw fit one weekend to let his little mind come up with the complained of communication and its attachments.
>
> . . . .
>
> Perhaps [Ligon's] ignorance in a matter of this type is clouded by the fact that when he lost his judgeship to a 90+ year old man, he got picked up by "the system" to be a librarian in a library rarely, if ever, used.

In view of this disrespectful language, Mr. McCullough's motion to abate is stricken in its entirety.

We have, on prior occasions, expressed a displeasure with attorneys who have directed disrespectful language toward courts and officers of the court. *See White v. Priest*, 348 Ark. 135, 73 S.W.3d 572 (2002) (brief of attorney for petitioner seeking recusal of all justices would be stricken, in view of attorney's continued strident, disrespectful language used in his pleadings, motions, and arguments, and his repeated refusal to recognize and adhere to precedent); *McLemore v. Elliott*, 272 Ark. 306, 614 S.W.2d 226 (1981) (striking appellant's brief due to "intemperate and distasteful language" toward trial judge). In the same vein, we caution attorneys from filing motions containing irrelevant, disrespectful, and caustic remarks that only serve to vent a party's emotions such as anger or hostility.

Because this matter implicates a breach of the Model Rules of Professional Conduct, we refer Mr. McCullough to the Professional Conduct Committee and request the Committee to take whatever action it believes his actions warrant under the Model Rules of Professional Conduct.