2010 Ark. 306

**EXIGENCE, LLC, Appellant,**

v.

**Courtney BAYLARK, Appellee.**

No. 09–1272.

Supreme Court of Arkansas.

June 24, 2010.

Rehearing Denied Aug. 6, 2010.

Barber, McCaskill, Jones & Hale, P.A., by: John S. Cherry, Jr. and S. Brent Wakefield, Little Rock, for appellant.

David Hodges, Little Rock and Wilson Law Firm, P.A., by: E. Dion Wilson, Helena, for appellee.

JIM GUNTER, Justice.

Appellant appeals the circuit court's grant of appellee's motion for sanctions, in which the court struck appellant's answer and declared a default judgment in favor of appellee on the issue of liability. On appeal, appellant asserts that the court erred because (1) Judge Simes had no authority to enter the strike order; (2) the order compelling discovery was deficient on its face and could not serve as a basis for sanctions; (3) the order compelling discovery was entered in error. We reverse and remand.

On August 25, 2005, appellee was injured at his workplace when he was struck by a vehicle. The accident pinned him against a wall and crushed his left leg. He was transported to Helena Regional Medical Center, where he was examined and treated by Dr. Vijahabhasker Reddy. On August 14, 2008, appellee filed a complaint in the Phillips County Circuit Court, naming Helena Regional Medical Center, Phillips Hospital Corporation d/b/a Helena Regional Medical Center, and Exigence, LLC, as defendants, and alleging numerous claims of negligence, breach of contract, and vicarious liability. Appellee alleged that he was given inadequate care, inadequate discharge instructions, and that no tests were performed to discover a transected left popliteal artery, which eventually resulted in his left leg being amputated. The appellant in this case, Exigence, LLC (Exigence), had entered into an exclusive "Emergency Services Agreement" with Phillips Hospital Corporation, under which Exigence provided physicians to serve the hospital and had specifically contracted with Dr. Reddy to provide emergency medical services for Helena Regional Medical Center. An amended complaint, containing a somewhat lengthier factual background and allegations section, was filed on August 28, 2008. Answers to the complaint and the first amended complaint were filed by Exigence on December 17, 2008, in which Exigence denied all allegations of wrongdoing.

Thereafter, between February 19, 2009, and July 30, 2009, appellee filed at least five separate motions to compel, seeking, inter alia, (1) responses to requests for production; (2) verified answers to interrogatories; (3) supplemental discovery responses; (4) insurance policy information; and (5) documentation analysis reports. On August 17, 2009, a hearing was held on the various motions to compel and other pending motions. Generally, appellee argued, and Exigence admitted, that since the lawsuit had been filed in August 2008,

Exigence had failed to provide a list of witnesses, evidence, or opinions of its experts. Appellee asked that Exigence be ordered to properly reveal this information or be barred from using such information at trial. The court ordered Exigence to provide all requested information by August 31, 2009.[1] Exigence, however, instead filed an objection to appellee's request for production of documents on August 21, 2009, so appellee again filed a motion to compel on August 27, 2009. On September 4, 2009, appellee filed a motion for sanctions, alleging that Exigence had willfully refused to fully and completely comply with the court's orders and asking the court to enter a sanction, including but not limited to striking Exigence's answer.

Exigence filed a response to the motion to compel on September 14, 2009, arguing that some of the materials sought by appellee postdated the accident by over two years or sought confidential payroll information and physician personnel files that were not reasonably calculated to lead to the discovery of admissible evidence. Exigence also asserted that some of the materials were protected by the attorney-client privilege. On September 15, 2009, Exigence filed a response to the motion for sanctions and denied that there was any basis for sanctions.

A hearing was held on the motion to compel on September 15, 2009, and after hearing arguments from counsel on the propriety of the various requests, the court held that the items requested were discoverable and should be produced. Therefore, the court granted the motion to compel but also ordered the attorneys to work out a protective agreement to deal with any confidentiality issues. The court stated, "I am ordering the information be pro-

vided, okay? At the same time, I'm saying it will not be provided until there is some language satisfactorily that takes care of or deal[s] with questions of confidentiality, et cetera. Submit the language to me. If I agree with it, then we'll have it provided at that time." Appellee's counsel asked for a time limit of ten days from the date of the hearing, due to the pending trial date, and the court stated:

I want to say twenty days.[2] That's going to double the time. I'm going to say the order will say twenty days. I want you all to be clear on what I'm saying now. They have to supply the information to Mr. Hodges [counsel for appellee]. Mr. Hodges, you can't do anything with it but look at it only. Then I'm going to rule on this confidential stuff. . . . But I'm ordering it to be provided for Mr. Hodges [']s inspection only, until I enter an order regarding privilege and attorney stuff. So, therefore, Mr. Wakefield [counsel for Exigence], right now, it's going to be delivered to Mr. Hodges as a sealed court document for Mr. Hodges's inspection.

The court also ordered the parties to enter mediation.

On September 25, 2009, Exigence filed a motion asking the court to reconsider its grant of the motion to compel, again arguing issues of privilege and confidentiality. On October 1, 2009, appellee filed a motion for sanctions, asserting that the court-ordered mediation was scheduled for October 16, 2009, but that Exigence had also filed a notice of deposition of one of its expert witnesses on October 16, 2009, directly conflicting with the order of the court regarding mediation. Appellee also filed an objection to the notice of deposition and a motion for a protective order. On October 5, 2009, appellee responded to

1. The order memorializing the court's holdings on these motions was not filed until September 15, 2009.

2. Twenty days from September 15, 2009, is October 5, 2009.

Exigence's motion for reconsideration, arguing that there is no procedural device known as a motion for reconsideration and that filing such a motion did not excuse Exigence from fully and promptly complying with the court's order compelling discovery. On October 8, 2009, an order was entered that incorporated the court's rulings at the September 15, 2009 hearing, including the ruling that Exigence had twenty days from September 15, 2009, to fully and completely respond to the discovery request.

On October 13, 2009, appellee filed another motion for sanctions, arguing that Exigence had still not provided the discovery materials as ordered by the court. Appellee alleged that Exigence had willfully disobeyed the court's order and asked the court to strike Exigence's answer and enter a default judgment as to Exigence. Appellee filed an amendment to this motion for sanctions two days later, arguing against Exigence's claim that its filing of a motion for reconsideration created an automatic stay of the discovery order. Exigence responded on October 20, 2009, arguing that the court had not specified at the hearing when the twenty-day period would begin to run, and the order that was entered on October 8, 2009, established a deadline of October 5, 2009, which had already passed. Exigence asserted that because the court had not established a firm deadline, the harsh sanction of a default judgment would be unjust.

A hearing was held on November 2, 2009, at which appellee again requested that Exigence's answer be stricken and a default judgment entered due to Exigence's noncompliance with the discovery order, especially considering that the trial was scheduled to begin in seventeen days. Exigence argued that it filed its motion for reconsideration prior to seeing any written order with regard to when discovery was due, and that the order was not entered until October 8 and received by Exigence until October 13. Exigence urged the court to review the requested documents in camera before making a final decision on discovery. Appellee argued that Exigence's counsel was at the September 15, 2009 hearing and knew the court ordered the documents produced within twenty days of that hearing. Appellee contended that there was no authority that stated a written order was required when the court had specifically ruled from the bench. The court took the matter under advisement and stated it would issue its ruling by the end of the week, which was four days away.

On November 4, 2009, appellee filed an additional motion for sanctions, alleging that Exigence had filed a confidential agreement between appellee and Dr. Reddy in the pleadings, thereby making it a public record and violating the confidentiality provision of the agreement. Also on November 4, 2009, appellee's counsel sent a letter to the court withdrawing the request to strike Exigence's answer and enter a default judgment. Counsel reasoned that "we do not believe the sanctions should be striking the answer because that would allow Exigence, LLC, to have an immediate appeal or, stated otherwise, an intermediate appeal, and we want to have the case tried as scheduled beginning November 19, 2009 and not have an intermediate appeal." Instead, appellee requested whatever sanctions the court deemed appropriate.

On November 5, 2009, this court handed down our opinion in *Judicial Discipline & Disability Commission v. Simes*, 2009 Ark. 543, 354 S.W.3d 72, in which we suspended Judge Simes, the circuit judge in this case, from the bench until the end of his current term, which is December 31, 2010. The opinion did not specify that no motion for rehearing would be entertained. Also on November 5, appellee's counsel

sent a letter to all other counsel in the present case and noted that although this court had suspended Judge Simes, from the standpoint of appellee the case would still proceed to trial on November 19 because the mandate had not issued and we had not stated it was an immediate suspension.

On November 9, 2009, appellee apparently sent a letter to the court renewing his request for the striking of Exigence's answer and the entering of a default judgment, although this letter is not in the record. Also on November 9, Exigence responded by objecting to this informal request to strike and arguing that appellee must formally re-request such a sanction. On November 10, 2009, Exigence filed a motion asking Judge Simes to recuse in light of his recent suspension. Exigence also requested recusal based on Judge Simes's connection to a previous case, *L.T. Simes and Raymond Simes v. Henry Radio, et al.*, Lee County Circuit Court, Case No. CIV 98–80. In that case, Judge Simes was a litigant represented by his brother, and Exigence's counsel represented the defendant. The case was eventually dismissed, in part for Simes's failure to comply with discovery, and Simes was ordered to pay attorney's fees. As those fees have yet to be paid in their entirety, Exigence's counsel is Judge Simes's brother's creditor, and for that reason Judge Simes should recuse. Based on the suspension and this earlier case, Exigence argued that it had a reasonable basis to question Judge Simes's fairness and impartiality.

On November 12, 2009, the court entered an order finding that Exigence had willfully and deliberately failed and refused to comply with the court's discovery requirements and that filing a motion for reconsideration did not justify Exigence's failure to comply with the court's order. The court denied the motion for reconsid-

eration, granted the motion for sanctions, struck Exigence's answer, and declared a default on the issue of liability. The court held that damages would be tried on November 19, but then entered a separate order continuing the trial to be rescheduled. Exigence filed a notice of appeal on November 20, 2009.

The imposition of sanctions for failure to provide discovery rests in the trial court's discretion, and this court has repeatedly upheld the trial court's exercise of such discretion in fashioning severe sanctions for flagrant discovery violations. *Rees v. Smith*, 2009 Ark. 169, 301 S.W.3d 467. On appeal, appellant asserts three reasons that the circuit court entered its order in error: (1) Judge Simes had no authority to enter the strike order; (2) the order compelling discovery was deficient on its face and could not serve as a basis for sanctions; (3) the order compelling discovery was entered in error.

For its first point on appeal, Exigence asserts that Judge Simes had no authority to enter the order imposing the sanctions of striking its answer and entering default judgment on liability. Exigence contends that, as of the date this court handed down our opinion in *JDDC v. Simes* (November 5), Judge Simes had no authority to act as a circuit judge. Exigence asserts that Arkansas Supreme Court Rule 5–3, which governs mandates and the finality of decisions, does not apply to judicial-discipline cases because they are neither civil nor criminal in nature. Because we ordered that Judge Simes be "suspended," and not "suspended at some point in the future," the suspension should be construed as taking effect immediately, thus rendering any actions taken by Judge Simes subsequent to November 5 void and without legal effect. Exigence acknowledges that a mandate did issue in that case but asserts that this was "a mistake." [3] Exigence also ar-

---

**3.** The mandate in *JDDC v. Simes* was issued on November 24, 2009.

gues that even though Judge Simes had fifteen days to file a motion for rehearing, the order of suspension was not stayed during that period. Exigence urges this court to set aside the strike order/default judgment and remand the case for a trial on the merits.

In response, appellee first asserts that this issue was raised in Exigence's motion to recuse, and because it obtained no ruling on that motion, the issue is not proper for appeal. Appellee also asserts that the issue is not properly before this court because it was not listed as a point of appeal in Exigence's notice of appeal. On the merits of Exigence's argument, appellee contends that the rules answer the question of when this court's order of suspension was final. Under Rule 5–3(a), "[a] decision is not final until the time for filing of petition for rehearing ... or, in the event of the filing of such petition, until there has been a final disposition thereof." In addition, according to Rule 12(E) of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission,

the Supreme Court shall file a written opinion and judgment directing such disciplinary action as it finds just and proper.... The court may direct that no motion for rehearing will be entertained, in which event its decision shall be final upon filing. If the court does not so direct, the respondent may file a motion for rehearing within fifteen (15) days of the filing of the decision.

Appellee argues that at the time Judge Simes entered the order, neither the time for filing a petition for rehearing had expired, nor had there been a final disposition. Therefore, Judge Simes had authority to enter the order.

We agree with appellee that this argument is not properly preserved for our review. Exigence argues on appeal that Judge Simes lost his authority to enter any order after this court's November 5 opinion was issued; however, in its motion for recusal, Exigence asserted only that this court's findings in *JDDC v. Simes,* "create[d] a legitimate question in the mind of Exigence ... concerning Judge Simes's bias and impartiality." It is well settled that this court does not consider arguments raised for the first time on appeal, and a party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial. *Yant v. Woods,* 353 Ark. 786, 120 S.W.3d 574 (2003). In addition, there was no ruling on the argument made in the motion for recusal, and this court will not address an argument on appeal if a party has failed to obtain a ruling below. *Simpson Housing Solutions, LLC v. Hernandez,* 2009 Ark. 480, 347 S.W.3d 1. Therefore, we find appellant's argument is not preserved for review and affirm.[4]

For its second point on appeal, Exigence argues that it did not have "sufficient identification of the duty that the Court was imposing," and specifically that it did not know the date on which it was required to produce the documents in question. Exigence asserts that although the court stated at the hearing that it would enter an order providing twenty days for the production of the documents, the court did not specify whether that twenty-day period would begin to run on the date the order was entered or the date of the hearing itself. In addition, when the order was entered on October 8, it set a deadline of October 5, which had already

---

4. We do note, however, that under Rule 12(E), this court's opinion in a judicial discipline case is final when filed only if we direct that no motion for rehearing will be enter-

tained; conversely, if this court allows the possibility of a motion for rehearing, the opinion is necessarily not final.

passed. Under these circumstances, Exigence argues, imposing any sanction, especially the severe sanction of striking the answer and entering a default judgment, is manifestly unjust and should be reversed.

In response, appellee contends that Exigence's argument is "disingenuous" because it never produced the required documents, either before or after the twenty-day deadline had expired. In fact, at the November 2 hearing on sanctions, held nearly six weeks after the September 15 hearing and twenty-five days after the order compelling discovery was entered, Exigence had still not delivered the documents to appellee but instead asked the court to review them in camera. Appellee argues Exigence's failure to comply was deliberate and not based upon any confusion as to the date by which compliance was required. In addition, appellee argues that Exigence's failure to comply cannot be excused because it failed to obtain a protective order under Ark. R. Civ. P. 26(c) (2009). Rule 37(d) of the Arkansas Rules of Civil Procedure provides, in pertinent part:

If a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule.... The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided in Rule 26(c).

Ark. R. Civ. P. 37(d) (2009).

In reply, Exigence repeats its assertion that the order was "facially deficient" because it set a deadline that had already passed. Exigence also disputes the application of Rules 26(c) and 37(d) to the instant case, because in this case there was no failure to act. Exigence argues that it timely served appellee with objections to the discovery requests, thereby removing it from the ambit of Rule 37(d).

We find a meritorious basis for reversal on this point. It is clear to this court from the September 15 hearing that the circuit court wanted the discovery provided within twenty days from the hearing, but an order to that effect still had to be entered to be effective. Rule 58 of the Arkansas Rules of Civil Procedure provides that a judgment or decree is effective only when set forth on a separate document and entered as provided in Arkansas Supreme Court Administrative Order No. 2. Ark. R. Civ. P. 58 (2009). Administrative Order No. 2(b)(2) (2009) provides:

The clerk shall denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word "filed." A judgment, decree, or order is entered when so stamped or marked by the clerk, irrespective of when it is recorded in the judgment record book.

This court has made it clear that a judgment or decree is not effective until it has been "entered" as provided in Rule 58 and Administrative Order No. 2. *See Price v. Price*, 341 Ark. 311, 16 S.W.3d 248 (2000); *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997); *Standridge v. Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989). In addition, this court has specifically held that an oral order is not effective until entered of record. *Hewitt v. State*, 362 Ark. 369, 208 S.W.3d 185 (2005). In this case, the order requiring the documents to be produced by October 5 was not entered and thus did not become effective until October 8, thus making it impossible for Exigence to com-

ply with the order. Because the order was not timely entered and is deficient on its face, a violation of that order cannot not be a proper basis for the award of sanctions. We therefore reverse the order striking appellant's answer and granting default judgment in favor of appellee and remand for further proceedings.

For its third point on appeal, Exigence asserts that the order compelling discovery was entered in error because the information sought was protected by the attorney-client privilege. Specifically, Exigence asserts that three of appellee's requests for production, Nos. 12, 13, and 16, implicate the attorney-client privilege.[5] Exigence contends that by ordering it to produce the documents requested, the court ordered the production of protected documents; thus, this court should apply the privilege and find that the circuit court abused its discretion in striking the answer and entering default judgment for failure to comply with the order.

We find that any ruling by this court on whether the requested documents are privileged would be premature, as it is clear that the circuit court intended to make further rulings with regard to any possibly privileged material. At the hearing, the court ordered Exigence to produce the documents but also noted there was "some question in here about protective stuff" and ordered the parties to work out "some language that sort of addresses it.... If you can't, I'll resolve that question as well." The court later stated: "I'm saying it will not be provided until there is some language satisfactorily that takes care of or deal[s] with questions of confidentiality, et cetera. Submit the language to me. If I agree with it, then we'll have it provided at that time." In its order compelling discovery, the court again stated that the discovery would be provided under seal and that opposing counsel was

> ordered and directed not to disclose the information covered by the sealed documents until further orders of the Court so that the Court can permit the attorneys, if possible, to confer to see if they can agree on a protective order, and if they cannot, then the Court will deal with that subject in a separate Order at a later time.

Instead of following the order of the court, Exigence only filed its motion for reconsideration and did not provide any documents whatsoever to appellee. Therefore, we find that a final ruling on what requested documents may be privileged has yet to be reached. We also find, however, that the court erred in ordering the documents be given to opposing counsel before a final determination had been made on whether the documents were privileged, and we direct the court upon remand to make such a determination before the documents are given to opposing counsel. Moreover, to the extent the answer was stricken for failure to provide these documents before their privileged status had been determined, we find such a ruling was in error.

Finally, we caution appellant's counsel to be mindful of Ark. Sup.Ct. R. 1–5 (2010), which states that no argument, brief, or motion filed with this court shall

---

5. Request for Production No. 12 sought "[a]ny documents in the possession and control of Exigence, LLC dealing with the subject matter of the insurance policy and whether or not the insurance company will pay any benefits under the insurance policy identified in this case concerning the litigation filed herein." Request for Production No. 13 sought "[a]ny and all correspondence with outside lawyers dealing with the subject matter of the insurance policy and whether or not it will pay the claim presented by the Plaintiff in this case." Request for Production No. 16 sought "[a]ny and all correspondence to and from an attorney identified in the depositions on July 17, 2009, as follows: Mark Banovertz and James Gormley."

contain language showing disrespect for the circuit court. Appellant's briefs contain several instances of disrespectful language; for example, appellant concludes that there has never been "such a flagrant case of retaliatory abuse of discretion on the part of a circuit judge" and that it is entitled to have an "objective, rational judge overseeing the case." We remind the bar that this court expects the members of the bar to fulfill their professional responsibilities while still maintaining the highest standards of ethical conduct. *Davenport v. Lee,* 349 Ark. 113, 76 S.W.3d 265 (2002). Failure to do so may result in this court striking the offending language or referring counsel to the Committee on Professional Conduct.

Reversed and remanded.

Appellee's Motion to Dismiss denied; Appellee's Motion for Costs denied.

HANNAH, C.J., and BROWN, J., concurring.

CORBIN, J., not participating.

HANNAH, C.J., concurring.

I concur with the majority's holding that this case must be reversed and remanded. I write separately to set out my analysis. Appellee Courtney Baylark served lengthy and extensive discovery on Appellant Exigence, LLC. Exigence responded largely with objections, including the objection that privileged documents were sought. As the majority notes, a lengthy discovery battle followed, with Baylark filing several motions to compel. The record is far from clear on the details of the discovery battle and, based on the record before us, it is not clear to me that Exigence's objections were all unfounded.

I concur with the majority's conclusion that a violation of the October 8, 2009 order cannot be used as the basis for discovery sanctions. However, I believe that Arkansas Rule of Civil Procedure 58

is not relevant to this analysis because an order rather than a judgment is at issue.

The statement that Exigence was to "fully and completely respond to the Request for Production covered by the Motion to Compel" is not sufficiently specific to identify what Exigence had to produce to comply with the order. In the following cases, an award of sanctions was affirmed because the order specified what had to be produced. The order is also defective on that basis. *See Viking Ins. Co. v. Jester,* 310 Ark. 317, 325, 836 S.W.2d 371 (1992) (failure to produce the "entire claim file" within the time specified by the circuit court); *Cook v. Wills,* 305 Ark. 442, 446, 808 S.W.2d 758, 760–61 (1991) (plaintiff's suit was dismissed with prejudice, for among other things, not producing a 1988 tax return after being ordered to do so). In failing to identify what Exigence was to produce, the circuit court abused its discretion.

Finally, I note that striking a party's answer and setting a case for trial to prove damages is a drastic sanction. Default judgments are not favored in the law. *See McGraw v. Jones,* 367 Ark. 138, 141, 238 S.W.3d 15, 18 (2006). Rather, the law favors trying a case on its merits. *See JurisDictionUSA, Inc. v. Loislaw.com, Inc.,* 357 Ark. 403, 410, 183 S.W.3d 560, 564 (2004). The record presented does not reveal the extreme misconduct that is required to justify such a drastic sanction. The circuit court also abused its discretion in this regard.

BROWN, J., concurring.

I agree with all of the opinion except that I would strike the disrespectful language from Exigence's briefs. Our rule is clear: "No argument, brief, or motion filed or made in the Court shall contain language showing disrespect for the circuit court." Ark. Sup.Ct. R. 1–5 (2010).

The following language essentially accuses the sitting judge of bias and clearly shows disrespect:

- These acts were an overt, transparent, and retaliatory abuse of discretion on the part of the Trial Court.
- In other words, the discovery at issue was irrelevant to this case, and the fact that Judge Simes entered a Strike Order/Default Judgment based on this irrelevant discovery proves it was nothing more than Judge Simes' last minute effort to unfurl the red carpet for plaintiff to walk a path to liability where no other path existed.
- Although there were at least sixteen (16) pending motions before the Trial Court, Judge Simes chose to rule on only one of them; he struck Appellant's Answer, and simultaneously continued the trial indefinitely, as he exited the back door of the Phillips County Courthouse. Never has there been such a flagrant case of retaliatory abuse of discretion on the part of a circuit court judge, and the Strike Order/Default Judgment should be set aside/reversed. Appellee should be required to compete on a level playing field, with an objective, rational judge overseeing the case.

A compendium of our case law on striking language disrespectful to the circuit court can be found in the case of *Stilley v. Supreme Court Committee on Professional Conduct*, 370 Ark. 294, 306, 259 S.W.3d 395, 402 (2007):

This court repeatedly has expressed a displeasure with attorneys who have directed disrespectful language toward courts and officers of the court. *See Ligon v. McCullough*, 368 Ark. 598, 247 S.W.3d 868 (2007) (per curiam) (striking defendant's brief due to disrespectful and unnecessary language directed at the Executive Director of the Committee); *Cox v. State*, 365 Ark. 358, 229 S.W.3d 883 (2006) (striking a sentence from the appellant's brief due to contemptuous and disrespectful language directed at the trial court): *Davenport v. Lee*, 349 Ark. 113, 115, 76 S.W.3d 265, 266 (2002) (per curiam) (holding that "[j]ust as we will not allow a lawyer to show disrespect for the judges sitting in circuit courts, we will not allow an attorney to show disrespect for the members of this court"); *White II [v. Priest]*, 348 Ark. 783, 73 S.W.3d 572 [ (2002) ] (striking petitioner's brief seeking recusal of all the justices of this court based upon the petitioner's attorney's continued strident disrespectful language used in his pleadings, motions, and arguments, and his repeated refusal to recognize and adhere to precedent); *Henry v. Eberhard*, 309 Ark. 336, 832 S.W.2d 467 (1992) (striking portion of the appellant's brief containing offensive, inflammatory, and disrespectful language to the trial court); *McLemore v. Elliot*, 272 Ark. 306, 614 S.W.2d 226 (1981) (striking appellant's brief due to disrespectful and distasteful language directed at the trial judge). Furthermore, we have "caution[ed] attorneys from filing motions containing irrelevant, disrespectful, and caustic remarks that only serve to vent a party's emotions such as anger or hostility." *Ligon*, 368 Ark. at 599, 247 S.W.3d at 869.

While I would not strike Exigence's entire brief, the allegations of bias quoted above are beyond the pale and exhibit disrespect for the circuit court. For that reason, they should be stricken from the briefs. If Exigence is convinced that Judge Simes's conduct exhibited bias in contravention of Rule 2.3 of the Arkansas Code of Judicial Conduct, its remedy is to file a complaint with the Judicial Discipline Commission. To make such allegations in

a brief before this court, however, is not appropriate.

HANNAH, J., joins this concurring opinion.