Cite as 2021 Ark. App. 197

# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CV–20–325

| | |
|---|---|
| JAMES D. MERICA AND MERICA ENTERPRISES, LLC<br><br>APPELLANTS<br><br><br>V.<br><br><br><br><br>S&S HOME IMPROVEMENTS, INC.<br>APPELLEE | **Opinion Delivered:** April 28, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION<br>[NO. 60CV–14–3618]<br><br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellants James D. Merica and Merica Enterprises, LLC (collectively "Merica"), bring this interlocutory appeal from the Pulaski County Circuit Court's order imposing discovery sanctions in the form of striking Merica's answer and counterclaim. On appeal, we review discovery sanctions under an abuse-of-discretion standard. We find no error and affirm.

I. *Procedural Background*

In 2013, Merica and appellee S&S Home Improvements, Inc. ("S&S"), entered into an asset-purchase agreement under which Merica was to purchase some of S&S's assets and construction contracts. The parties eventually came to a disagreement about the contract's interpretation and application. In September 2014, S&S sued Merica for breach of contract and sought an accounting of job costs. Merica answered and filed a counterclaim for breach

of contract, conversion, and interference with business expectancy. The circuit court entered a pretrial order directing the parties to propound all discovery requests no later than six weeks before the date of trial.[1] To comply with the pretrial order, S&S issued a subpoena duces tecum asking Merica to furnish multiple job files, job sheets, subcontractor forms, invoices, accounting documents, evidence of payments by Merica, and other similar financial documents.[2]

Merica did not respond to the subpoena. Instead, in March 2016, Merica informed the circuit court that he had filed for bankruptcy and sought a stay of the proceedings. Because of the bankruptcy, the circuit court entered an order of administrative closure on April 14, 2016. In August 2016, however, the United States Bankruptcy Court dismissed Merica's bankruptcy action for failing to attend a meeting of creditors. S&S moved to reopen the case, and the circuit court ordered the case reopened on October 11, 2016. By the date of the reopening, Merica had not responded to the discovery propounded by S&S.

On November 14, 2016, S&S served a motion to produce on Merica, asking Merica to produce numerous items, allow inspection of the business premises, produce documents that should have been disclosed in Merica's bankruptcy pleadings, and produce other financial documents related to the business. Merica was to respond and produce these documents on or before December 19, 2016. On December 16, however, Merica sent S&S an email requesting additional time to respond and produce. S&S agreed and asked Merica

---

[1]The order was entered on August 4, 2015, and the initial trial date was scheduled for April 18, 2016.

[2]The subpoena was issued on October 23, 2015.

to provide alternative dates. Merica failed to respond to either the motion to produce or the request for alternative dates. Instead, he returned to bankruptcy court and refiled for Chapter 7 bankruptcy in January 2017. The circuit court once more administratively closed the case on January 19.

Despite the second administrative closure, S&S filed a motion for discovery sanctions against Merica in February 2017, asking the circuit court to sanction Merica by striking his answer and counterclaim for his failure to respond to discovery. The court was unable to act immediately on the motion because of the pending bankruptcy; however, once the bankruptcy was dismissed for the second time, the court held a hearing on S&S's motion on January 22, 2019. Because the court determined that it had not previously entered an order regarding discovery, the court declined to enter sanctions. The court, noting that Merica had not objected to S&S's requests, ruled that Merica's "option . . . is to fully respond, and if you fail to do that then I'll impose sanctions." Merica responded that the court did not "actually need to enter an order compelling discovery. We are happy to comply. If you do enter an order, however, we will also comply with that." The court then ordered Merica to respond within fourteen calendar days and determined that "failing to do so will result in sanctions." The written order reflecting the circuit court's ruling, however, was not entered until February 15, 2019.

On March 15, 2019, S&S filed a formal motion for sanctions pursuant to Arkansas Rule of Civil Procedure 37. In its motion, S&S noted that Merica's responses were due on February 4, 2019; that Merica did not respond until February 8; and that he did not produce the requested documents until February 13. Moreover, S&S alleged that the documents

3

produced were not organized or labeled to correspond to the categories of the production request as required by Rule 34(b)(3), nor were they produced as kept in the usual course of business. Accordingly, S&S sought sanctions in the form of the dismissal of Merica's answer and counterclaim.

After further reviewing the materials provided by Merica, S&S filed an amended motion for sanctions, more fully describing the disarray of the documentation and once more asking the court to strike and dismiss Merica's answer and counterclaim. Merica responded by arguing that he had complied with the court's order to produce, and the business records had been produced in the manner in which they were kept in the usual course of business.

The circuit court held a hearing on S&S's motions for sanctions in December 2019. At that hearing, the court reviewed three boxes of documents that Merica had provided to S&S and heard testimony from Vickie Reeves, the former bookkeeper for S&S and Merica, and from Robert Smith, the former owner of S&S. From this evidence and testimony, the court found that the boxes of documents were not in the format that the business used and that they were "what amount[ed] to kind of a game of 52-[card] pickup." As such, the court concluded that Merica had neither fully responded to the discovery request nor fully complied with the order of the court. Merica nevertheless asked the court not to strike his pleadings, arguing that S&S's motion to produce had never been clear about exactly what S&S was seeking; as such, he should not "suffer the extreme remedy of sanctions for not producing something that just was not clearly made obvious that was required to be produced." The court disagreed and struck Merica's answer and counterclaim and ordered

4

that the case would proceed to trial on damages alone. An order reflecting the court's ruling was entered on January 17, 2020, and Merica filed a timely notice of appeal.

## II. *Jurisdiction and Standard of Review*

When a party fails to obey an order to provide or permit discovery, the circuit court "may make such orders in regard to the failure as are just," including an order "striking out pleadings or parts thereof . . . or rendering a judgment by default against the disobedient party." Ark. R. Civ. P. 37(b)(2)(C) (2019). When such an order is entered, our jurisdiction arises pursuant to Rule 2(a)(4) of the Arkansas Rules of Appellate Procedure–Civil, which provides that "[a]n order which strikes out an answer, or any part of an answer, or any pleading in an action" is an appealable order. *See Lake Vill. Health Care Ctr., LLC v. Hatchett*, 2012 Ark. 223, at 7, 407 S.W.3d 521, 526.

We review the imposition of discovery sanctions for abuse of discretion, and our court has noted that the bar to demonstrate that the circuit court has abused its discretion in an order under Rule 37 is very high. *S.A.M. Grp., LLC v. CR Crawford Constr., LLC*, 2020 Ark. App. 173, at 2–3, 596 S.W.3d 590, 591 (citing *Phelan v. Discover Bank*, 361 Ark. 138, 205 S.W.3d 145 (2005)). A circuit court commits an abuse of discretion when it improvidently exercises its discretion, as when it is exercised thoughtlessly and without due consideration. *Marks v. Saville*, 2017 Ark. App. 668, at 6, 550 S.W.3d 1, 5.

## III. *Discussion*

### A. Error as a Matter of Law

In his first point on appeal, Merica contends that the circuit court erred as a matter of law in striking his answer and counterclaim. He argues that the court's February 15, 2019

5

order compelling discovery was invalid under Arkansas Supreme Court Administrative Order No. 2, which provides that a judgment is entered when it is filed by the clerk of the court by stamping or otherwise marking it with the date and time and the word "filed." Specifically, Merica argues that at the January 22, 2019 hearing, the court ruled from the bench that he was to fully comply with the motion to produce within fourteen days of the hearing. The court's order, however, was not entered until February 15, 2019, after the deadline had already expired. *See* Ark. R. Civ. P. 58 ("A judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2."). In essence, Merica contends that because the order compelling discovery was not effective until after the fourteen-day deadline had already passed, compliance with the order was technically impossible, and sanctions therefore should not have been imposed.

Merica, however, did not raise this argument before the circuit court; rather, Merica argued only that his response on February 8 was timely.[3] Arguments not raised below are waived, and parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of the objections and arguments presented at trial. *Goins v. State*, 2019 Ark. App. 11, 568 S.W.3d 300; *Richardson v. Brown*, 2012 Ark. App. 535, 423 S.W.3d 630. Accordingly, we conclude that Merica's first argument on appeal is not preserved for our review.

---

[3]He asserted that under Arkansas Rule of Civil Procedure 6, intervening weekends and holidays should have been excluded from the computation of the fourteen days allowed by the court's January 22 order.

6

B. Abuse of Discretion

In his second point on appeal, Merica contends that the circuit court abused its discretion in striking his answer and counterclaim as a discovery sanction. He raises three subpoints: (1) the order compelling discovery was not sufficiently specific to identify what Merica had to produce to comply with the order; (2) documents were produced as they were kept in the usual course of business; and (3) Merica did not engage in the type of flagrant violations or extreme misconduct required to justify the drastic sanction of striking his answer and counterclaim.

Before addressing the substance of Merica's arguments, we note that our supreme court has repeatedly upheld the circuit court's exercise of discretion in fashioning severe sanctions for flagrant discovery violations. *Coulson Oil Co. v. Tully*, 84 Ark. App. 241, 251–52, 139 S.W.3d 158, 164 (2003) (citing *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796 (1998)). "There is no requirement under Rule 37, or any of our rules of civil procedure, that the [circuit] court make a finding of willful or deliberate disregard under the circumstances before sanctions may be imposed for the failure to comply with the discovery requirements." *Calandro*, 333 Ark. at 608, 970 S.W.2d at 799.

1. *Specificity of the discovery order*

In his first subpoint, Merica argues that the order compelling discovery did not specifically identify what he had to produce and that the court therefore abused its discretion in striking his answer and counterclaim because of this want of specificity. We do not address the merits of this argument as it was never presented to the circuit court.

At the first hearing on S&S's motion for sanctions, the circuit court directed Merica to comply with S&S's motion and to do so within fourteen days. Merica did not object that the order was insufficiently specific. Instead, Merica replied, "Yes, Your Honor. [We] will comply with that." When S&S amended its motion for sanctions, Merica did not complain about the specificity of the discovery order in its response. Instead, Merica argued that it had complied with the court's order to produce. We repeat: it is well settled that this court does not consider arguments raised for the first time on appeal, and a party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial. *Exigence, LLC v. Baylark*, 2010 Ark. 306, at 10, 367 S.W.3d 550, 555. This argument is not preserved for appeal, and we therefore do not address it.

2. *Documents produced in the usual course of business*

Merica next challenges the circuit court's finding that the documents produced were not in the format in which they were kept in the ordinary course of business. Under Arkansas Rule of Civil Procedure 34(b)(3), a party who produces documents for inspection shall "(A) organize and label them to correspond with the categories in the production request or (B) produce them as kept in the usual course of business if the party seeking discovery can locate and identify the relevant records as readily as can the party who produces the documents." Merica argues that he "produced all available business records that were within [his] possession and control, which primarily included job files, licenses, and payroll records." He concedes that there were some loose papers grouped together and assortments of files in the three boxes of documents that the court examined at the

8

December 2019 hearing, but he maintains that "that is how they were kept in the usual course of business since the business closed in 2015."

Despite this argument, the circuit court heard testimony to the contrary. Robert Smith, who had been the owner and president of S&S until its sale to Merica, testified about S&S's process for keeping business records, a process that he asserted was maintained by Merica after the sale of the business. Smith reported that Merica produced three boxes of documents in response to discovery, "but nothing was organized." Smith said that multiple documents were missing, such as cover sheets, expense sheets, payroll sheets, and "a ton of invoices." Overall, Smith described the boxes as containing "just a bunch of scattered invoices and different—just a bunch of stuff," including lottery tickets and even junk mail.

Vickie Reeves, who worked as the bookkeeper for both S&S and Merica Enterprises, confirmed Smith's testimony. She described her process for handling payroll and maintaining records for both companies. When asked if her recordkeeping ever included "having loose files in boxes and things like what you see on the [courtroom] floor here in front of you," she replied, "No, sir. We had files and we had stands that we kept the jobs in. We had a filing cabinet. It was very organized." She further conceded that the boxes produced did not contain materials she would have used, such as cover sheets, employee invoices, or vendor invoices.

On the basis of the above testimony, the circuit court ruled as follows:

> I ordered that the documents [sought by S&S] be produced and the order was entered on the 15th of February and approved as to form by the lawyers.

> Since that time, three boxes of documents are before the court which, according to the bookkeeper, are not in the format that was used, although there are documents—some documents are in the format she recognizes and some are loose

documents. They are what amount to kind of a game of 52-pickup Everything is kind of thrown in the air and it's in boxes, or, as my mother used to say, it's kind of a hoorah's nest of loose paper.

I don't find that the defendants had fully responded to the discovery or fully complied with the order of the Court. Accordingly the motion for sanctions is granted.

A circuit court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed on appeal absent an abuse of discretion that is prejudicial to the appealing party. *Washington Reg'l Med. Ctr. v. Nw. Physicians, LLC*, 2018 Ark. App. 497, 562 S.W.3d 239. To have abused its discretion, the circuit court not only must have made an error in its decision but also must have acted improvidently, thoughtlessly, or without due consideration. *Entergy Ark., Inc. v. Allen*, 2021 Ark. App. 71, 618 S.W.3d 427. The circuit court's conclusion that the documents were not produced as kept in the ordinary course of business was premised on the testimony and physical evidence presented to the court, and the court's assessment of those facts was not thoughtless or without due consideration. We therefore affirm on this point.

3. *Harshness of sanctions*

Finally, Merica complains that even if sanctions were warranted in this case, the extreme sanction of striking his answer and counterclaim were not warranted because any discovery violations were not flagrant or involving extreme misconduct. He asserts that he did not engage in a continued pattern of conduct that obstructed discovery or any other extreme misconduct that would justify the extreme remedy of striking a pleading. S&S responds that the facts demonstrated that Merica had been avoiding producing documents

10

ever since it propounded its discovery motion in 2016, and the circuit court thus did not abuse its discretion.

We conclude again that this argument is not preserved for our review. Merica did not assert this argument in his response to S&S's motion for sanctions. Instead, he argued that he had complied with both the motion to produce and the court's February 2019 order; his answers were not evasive or incomplete; the documents sought to be produced were irrelevant to the case; and he did not fail to appear for a deposition. Thus, he did not argue that the nature of the sanctions would be unduly harsh; he simply argued that sanctions were not warranted because he complied with the discovery motions and order. Likewise, at the December 2–3 hearing, counsel for Merica argued that his pleadings should not be struck because the requests for production were not clear and because he had complied with the court's order. Accordingly, we do not address the merits of Merica's argument.

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*Newland & Associates, PLLC*, by: *Joel Hoover* and *Brenna Trombley*, for appellants.

*David A. Orsini*, for appellee.