Cite as 2021 Ark. App. 489 (Substituted by 2022 Ark. App. 55)

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-20-612

| | | |
|---|---|---|
| JANET NICHOLAS | | **Opinion Delivered** December 8, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN |
| V. | | COUNTY CIRCUIT COURT, |
| | | FORT SMITH DISTRICT |
| MIKE JONES | | [NO. 66FCV-19-456] |
| | APPELLEE | |
| | | HONORABLE JAMES O. COX, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

Appellant Janet Nicholas appeals from an order of the Sebastian County Circuit Court striking her counterclaim against appellee Mike Jones as a sanction for discovery violations, arguing that the circuit court abused its discretion. We affirm.

On May 21, 2019, Mike filed a complaint against Janet alleging that she was in default on a promissory note and lease agreement. Janet filed an answer on July 12 and a counterclaim on July 15, which alleged breach of contract, fraudulent inducement, and unjust enrichment. Mike filed an answer on July 26 and an amended complaint on August 30, adding the allegation that Janet failed to pay the taxes required under the lease agreement.

On October 18, Mike served Janet with his first set of interrogatories and requests for production of documents. Janet responded on November 20. On December 10, Mike's counsel faxed a good-faith letter to Janet's counsel that outlined issues with eight of the

responses and requested supplementation. On December 19, Mike's counsel sent a second set of interrogatories and requests for production by email. Janet's counsel sent an email on January 22, 2020, and asked for a "couple more weeks to get the discovery responses out" due to his being out of the office, complications with his wife's pregnancy, and the delivery date being moved up. It also stated that he would address the good-faith letter.

Mike moved to compel on February 6, seeking "further response" to the first set of discovery and responses to the second set of discovery. It detailed the issues with Janet's responses to the first set of discovery. Interrogatory No. 1 asked Janet to identify each person with knowledge of any relevant facts relating to the lawsuit. Interrogatory No. 3 asked Janet to list each person and information about each person who witnessed or observed any events at issue in the case. Interrogatory No. 4 asked about the witnesses to be called at trial. Janet's responses to these interrogatories basically identified the parties, noting that discovery was ongoing and that the responses would be supplemented.

The motion to compel also took issue with Janet's response to interrogatory No. 15 and request for production No. 7, which asked Janet to list each payment made on the promissory note with the amount and date and to provide proof of each payment. Janet responded that she made monthly payments, and Mike was in possession of the payments and knew when he received them. Janet objected to the request for production on the basis that "the request calls for personal, sensitive, or confidential information that should only be released under a protective order regulating the use and dissemination of said information." Mike also challenged a similar objection to request for production No. 6, which asked her to produce copies of all sales records maintained in the operation of the

2

leased premises, including "bank statements from the operation of the business, the tax returns for the operation of the business, profit and loss statements, financial statements, sales tax reports, and other accounting records reflecting sales and expenses, and tax return for the years 2016, 2017, 2018, and 2019." The motion to compel stated that although Mike provided Janet with a proposed protective order, she had not approved it or suggested any modifications. Mike asked that Janet be compelled to provide the requested information or that Janet to be ordered to either approve the proposed protective order or produce an acceptable one.

Mike also challenged Janet's response to interrogatory No. 17, which requested that Janet identify and describe all communication between the parties concerning the private club permit/liquor license, including the approximate date of the communication, the content of the communication, and whether the communication is in writing. Janet's response stated that the "parties met together prior to the commencement of the lease to discuss the Lease Agreement and Promissory Note. The parties met between January and March 2019 to discuss the continuation of the lease and purchase of the permit." Mike asked the court to compel Janet to provide substantive content of the communications between the parties and identify whether the communications were oral or written.

In regard to request for production No. 8 requesting photographs or written inventories of all furniture, fixtures, inventory, and equipment pertaining to the subject property, Janet responded that documents responsive to this request will be made available for copying and inspection at a time mutually agreeable to the parties. Finally, the motion asked the court to compel Janet to respond to the second set of interrogatories and requests

for production propounded on December 19, 2019. The motion noted that although Janet's counsel asked for more time on January 22, 2020, the request was made after the January 21 due date, and there had been no response to date.

The record does not reflect that Janet responded to the motion to compel. On March 6, the circuit court found that the motion was "well taken" and should be granted. The order directed Janet "to respond to Plaintiff's Interrogatories and Requests for Production of Documents on or before March 13, 2020."

On June 15, Mike filed a motion for contempt and sanctions stating that although Janet had responded to the second set of discovery, she had failed to provide supplemental responses to his first det of discovery requests. Mike asked the court to require Janet to show cause as to why she should not be held in contempt and for appropriate sanctions, citing Rule 37 of the Arkansas Rules of Civil Procedure, including an order striking the pleadings in the event the failure to produce the information continues.

Janet filed a response on July 9 stating that she had not willfully disobeyed the court's March 6 order to compel and that the sanction requested was "extreme and unsuitable" under the circumstances. Counsel explained that he had spent much of January, February, and March away from work due to complications with his wife's pregnancy and that he was completing his judicial-election campaign in White and Prairie Counties. He stated that the responses to the second set were served on March 13 but that due to his "continued limited means and time in the office," he had not yet been able to provide supplemental responses to the first set of discovery. He added that the following week, "Covid-19 gripped the nation, and almost everything shut down," and because he had a vulnerable infant at home,

he was "largely" unable to work in the office or see clients during the shutdown, which continued through May. Counsel also indicated that he sustained a severe back injury rendering him effectively immobile until he received an epidural in mid–June, which had only recently allowed him to return to the office on a part–time basis.

Counsel further stated that supplementation of the first set of discovery responses was a priority and would have been fulfilled but for "an unprecedented series of events throughout the first half of 2020." Counsel explained there was no willful or intentional disregard of the court's order and that events outside of Janet's control inhibited her ability to timely comply; thus, contempt or sanctions were not suitable, and striking a pleading was extreme under the circumstances.

In his reply, Mike noted that the first set of discovery had been filed nine months prior, and the information had yet to be provided. While Mike was empathetic to Janet's counsel's issues, the reply nevertheless noted that Janet's counsel was able to run a successful campaign to be elected as a circuit judge throughout the same time period. If he had timely provided the requested information, none of his 2020 travails would have affected the discovery proceedings. Mike stated that, contrary to Janet's assertion that there was no prejudice to Mike, the case had not moved forward in many months and could not without the information requested.

At the outset of the July 30 hearing on the motion, Mike's counsel indicated that Janet approved his proposed protective order. Mike asked that Janet's counterclaim be struck and that he be granted judgment on his claims because Janet had been ordered to comply

with the discovery requests five months prior and failed to do so, and case law supported his request under the circumstances.

Janet's counsel went through the issues preventing discovery responses. Janet had been taking care of her elderly mother, and shortly after the papers had been signed, her husband died. As a result, Janet had someone named "Ron" taking care of her business. Janet's counsel stated that the "lion's share" of the documents had been produced "as of today." In regard to interrogatory No. 15 and request for production No. 7, he thought that 384 pages of documents had been turned over relating to payments and bank records. As for interrogatory No. 17, counsel stated that there had been only oral communication but thought they could give more information. He also acknowledged that they had photographs requested in request for production No. 8 and would submit them. And in reference to interrogatory No. 6 pertaining to sales records and tax returns, these documents were in Ron's possession and would need to be subpoenaed. Janet's counsel said they had been in contact with Ron in answering the second set of discovery but had since lost contact. Janet's counsel argued that the sanctions requested by Mike would be extreme given the facts. He stated that the cases where pleadings had been struck involved multiple appearances before the court, noting that this had been the first time for his client and that most of the requested information had been submitted. He also argued that there was no prejudice because a trial date had not been set.[1]

---

[1]There was also a discussion of Mike's amended complaint filed in August 2019. Janet's counsel said that he was not sure what happened to the answer, indicating he had sent it but had never received a file-marked copy and was concerned that it got lost. The court noted that there was no file-marked copy in the court's file. Janet's counsel argued

The agreed protective order was entered on July 30. On August 6, Mike filed a written motion for default judgment—which had been orally requested at the July 30 hearing—based on Janet's failure to timely answer the amended complaint. Janet filed a response to the oral motion on August 10.

In an August 24 letter opinion, the circuit court wrote:

> The Court entered its Order Compelling Responses to Discovery in March 2020. Three months passed and Plaintiff then filed a Motion for Contempt and Sanctions. Defendant has filed not a single motion for an extension of time to respond to discovery. Defendant did not file a motion for an opportunity to file a belated answer. The Defendant has simply not filed an answer and Defendant has not filed anything with the Court that would indicate that the Court's Order of March 6, 2020, has been complied with. This amounts to an egregious violation of the discovery rules which requires sanctions. The appropriate sanction in this matter is to strike Defendant's Counter-Claim.
>
> This has not been a pleasant case to decide, and the Court would have much preferred to deal with this on the merits, however, there has been such an obvious disregard of the Arkansas Rules of Civil Procedure and this Court's Order that the Court feels this to be an appropriate resolution of this issue.

In addition, the court granted Mike's motion for default judgment because Janet failed to timely answer the amended complaint. On August 27, Janet filed a response to Mike's written motion for default judgment.

The circuit court entered a judgment on September 4 finding that Janet had failed to comply with the order compelling discovery and that the appropriate sanction was to

---

that it was an inadvertent mistake and that there was a meritorious defense such that default judgment would be improper.

strike her counterclaim against Mike. In addition, the order granted the default judgment. Janet filed a timely notice of appeal September 15.[2]

The imposition of discovery sanctions is governed by Arkansas Rule of Civil Procedure 37(b)(2). The rule authorizes the circuit court to impose sanctions if a party fails to obey an order to provide discovery and gives the court broad discretion to "make such orders in regard to the failure as are just," including refusing to allow the party "to support or oppose designated claims or defenses," "striking pleadings," "dismissing the action," or "rendering a judgment by default against the disobedient party." Ark. R. Civ. P. 37(b)(2). There is no requirement that a circuit court make a finding of willful or deliberate disregard under the circumstances before sanctions are imposed for failure to comply with discovery requirements. *Coulson Oil Co., Inc. v. Tully*, 84 Ark. App. 241, 139 S.W.3d 158 (2003). The imposition of sanctions for the failure to provide discovery rests in the circuit court's discretion, and our courts have repeatedly upheld the circuit court's exercise of such discretion in fashioning severe sanctions for flagrant discovery violations. *Memphis Scale Works, Inc. v. McNorton*, 2020 Ark. App. 77, at 5, 595 S.W.3d 412, 416. The circuit court abuses its discretion when it acts thoughtlessly, improvidently, or without due consideration. *Hardesty v. Baptist Health*, 2013 Ark. App. 731, at 4–5, 431 S.W.3d 327, 330.

For her sole point on appeal, Janet contends that the circuit court abused its discretion in striking her counterclaim as a discovery sanction under Rule 37. In subpoints, she argues that striking her counterclaim was not warranted by the order to compel; even if she had

---

[2]An order that strikes a pleading is immediately appealable. Ark. R. App. P.–Civ. 2(a)(4) (2020).

not done what the order required, sanctions were not warranted by her discovery responses and under the circumstances; and even if sanctions had been warranted, striking the counterclaim was not warranted.

Janet first argues that the circuit court abused its discretion in striking her counterclaim because she did what the order to compel required or did it by the deadline, stating that she had responded to the first set of discovery in November 2019 and responded to the second set by the March 13 deadline.

The motion to compel specifically addressed the deficiencies in Janet's responses to the first set of discovery, and the circuit court granted the motion. In her response to the motion for contempt and sanctions, Janet did not argue that she did what the order to compel required but rather stated that although she was able to respond to the second set of discovery on March 13, she "was not yet able to provide supplemental responses" to the first set of discovery "at that time." She added that supplementation of the first set of discovery was a priority that would have been done but for an "unprecedented series of events throughout the first half of 2020." It is well settled that this court does not consider arguments raised for the first time on appeal, and a party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Merica v. S&S Home Improvements, Inc.*, 2021 Ark. App. 197, 625 S.W.3d 356.

Next, Janet argues that even if she had not done what the order required, the circuit court abused its discretion based on the requests, the responses, and the circumstances. Janet states that "neither she nor her counsel engaged in a pattern of misconduct by not responding to discovery or disregarding court orders, and certainly nothing flagrant,

9

deliberate, or deceitful." She devotes much time in her brief addressing her responses to the specific interrogatories and requests for production from the first set of discovery for which Mike requested supplemental responses.

Janet argues that she complied with interrogatory Nos. 1, 3, and 5, which basically requested information about people who knew the relevant facts, witnessed the events at issue in the litigation, and were to be called as witnesses at trial, claiming she gave the information available at the time. Not until the hearing did Janet's counsel state that Ron would be called as a witness and had many of the documents requested in his possession.

In regard to interrogatory No. 15 and request for production No. 7, both of which involved Janet's payments on the promissory note and proof thereof, Janet states that she agreed to provide it under a protective order. The February motion to compel indicates that a proposed protective order had been provided to Janet but that she had not approved the order or suggested any modifications to be made. While Janet contends that she did what was requested of her because she signed a protective order, it appears that that she did not do so until the July 30 hearing. Janet makes this same argument as to request for production No. 6, which sought the sales records, bank statements, and other financial documents. Although Janet contends these were produced once the protective order was entered, counsel stated at the hearing that many of these documents were in "Ron's" possession and would have to be subpoenaed.

Janet states that interrogatory No. 17 only asked her to identify and describe all communications between her and Mike about a private-club permit/liquor license, the date of the communication, the content, and whether it was written, which she did in her initial

response. Again, Janet's counsel conceded at the hearing that they could go into "greater detail" but did not have written communications.

Finally, Janet states that request for production No. 8, which sought photographs or inventories of furniture and items related to the properties, was not listed in the motion for contempt and sanctions and should not be considered. This request was discussed at the hearing, and Janet's counsel stated they had photographs and would submit them.

Janet further contends that the circuit court abused its discretion for failing to consider the circumstances, which included complications with counsel's wife's pregnancy and a January 2020 request for more time to respond; the COVID-19 pandemic and resulting shutdowns; the birth of counsel's baby and the uncertainty of the effects of COVID-19 on newborns, which resulted in counsel being "largely unable to work or see clients"; counsel's back injury in May 2020 and his inability to work full time until almost July; and Janet's caring for her elderly mother on the other side of the state. We disagree. While the order may not have specifically mentioned the circumstances involved, these circumstances were presented to the court in Janet's response to the motion for sanctions and at the hearing. Moreover, at the hearing on the motion for sanctions, the circuit court stated:

> Well, come January 1, you're going to be in the same uncomfortable position I am here with a lawyer absolutely entitled to what he's asked for and receive and order directing you and your client to provide it, and you know, I'm sympathetic to your issues with babies and backs such as that, but this has gone on really a long time. I don't get much satisfaction out of chewing on a guy that's fixing to take the bench.

Finally, Janet contends that even if sanctions had been warranted, striking her counterclaim was not warranted "given her responsiveness to discovery and her counsel's

circumstances." Here, the circuit court found Janet's lack of responsiveness amounted to an egregious violation of the discovery rules. In its letter opinion ruling that discovery sanctions were appropriate, the court explained:

> The Court entered its Order Compelling Responses to Discovery in March 2020. Three months passed and Plaintiff then filed a Motion for Contempt and Sanctions. Defendant has filed not a single motion for an extension of time to respond to discovery. Defendant did not file a motion for an opportunity to file a belated answer. The Defendant has simply not filed an answer and Defendant has not filed anything with the Court that would indicate that the Court's Order of March 6, 2020, has been complied with. This amounts to an egregious violation of the discovery rules which requires sanctions. The appropriate sanction in this matter is to strike Defendant's Counter-Claim.

> This has not been a pleasant case to decide, and the Court would have much preferred to deal with this on the merits, however, there has been such an obvious disregard of the Arkansas Rules of Civil Procedure and this Court's Order that the Court feels this to be an appropriate resolution of this issue.

Mike's counsel sent a good-faith letter on December 10, 2019, in regard to the deficiencies in Janet's responses to the first set of discovery. Janet's counsel did not respond until January 22, 2020, when he sought more time to answer the second set of discovery that was due the day before. Mike's counsel filed a motion to compel on February 6, 2020, seeking "further response" to the first set of discovery, detailing the alleged deficiencies, as well as seeking responses to the second set of discovery. There is nothing in the record that indicates Janet responded to the motion to compel, and the circuit court granted the motion on March 6. Janet responded to the second set of discovery on March 13 but did not supplement the first set. Janet's counsel never filed a request for an extension. Then on June 15, Mike filed a motion for contempt and sanctions asserting that Janet failed to fully comply with the March 6 order, noting that although Janet had responded to the second set of discovery, she had failed to provide supplemental responses to his first set of discovery

12

requests. The motion for contempt and sanctions again detailed the alleged deficiencies. At the July 30 hearing, Janet produced some of the information requested, but other information remained outstanding.

Based on the letter ruling and the comments made by the circuit court at the hearing, we cannot say the circuit court order striking Janet's counterclaim was made thoughtlessly, improvidently, or without due consideration. Moreover, the circuit court found that Janet's actions—or lack thereof—amounted to an "egregious" violation of the discovery rules. Our supreme court has stated that the circuit court is in "a superior position to judge the actions or motives of litigants, and we will not second guess its ruling." *See Calandro v. Parkerson*, 333 Ark. 603, 612, 970 S.W.2d 796, 801 (1988) ("The fact that the sanction imposed by the trial court was undoubtedly final and severe is of no consequence, as Rule 37 specifically provides for dismissal of the action where a party fails to comply with an order to provide discovery."). Thus, we affirm the circuit court's striking of Janet's counterclaim.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Joe D. Byars, P.A., Ltd.*, and *Byars, Hall & LaFreniere, PLLC*, by: *Joe D. Byars, Jr.*, for appellee.